THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CAROLYN PRUDE, Defendant-Appellant.

(No. 54307;

First District—December 27, 1971.

Michael A. Unger, of Chicago, (Joseph V. Roddy, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSES CHARGED*

Involuntary manslaughter. Ill. Rev. Stat. 1967, ch. 38, par. 9—3(b).*

*JUDGMENT*

The trial court accepted defendant's plea of guilty to involuntary manslaughter, and imposed a sentence of two to ten years.*

---

* Defendant was also charged with theft, criminal trespass to vehicle, leaving the scene of an accident, driving while under the influence of alcohol, driving without a license (all of which are statutory violations), and failure to stop a vehicle (a Chicago ordinance violation). The record does not disclose what happened to these charges, but we presume they were dropped when the most serious indictment was disposed of.

## CONTENTION RAISED ON APPEAL

Defendant's plea of guilty was not knowingly and intelligently entered because she had been improperly led to expect probation, and the court erred in not appointing counsel for her at the subsequent hearing as to the voluntariness of her plea.

## FACTS

On defendant's plea of guilty while represented in open court by an Asst. Public Defender, the trial judge fully and properly informed defendant as to her rights, and the consequences of her plea, specifically calling her attention to the possible sentence which could be imposed.

Defendant persisted in her plea, a judgment of guilty was entered, and the cause was continued for a hearing in aggravation and mitigation. At that hearing, defendant was again represented by the same Asst. Public Defender. No evidence in mitigation was submitted. In aggravation, the State's Attorney called the court's attention to a police record covering 51 convictions for misdemeanors in various states. The trial judge thereupon sentenced defendant to a term of two to ten years, informed her that she had the right to appeal, and asked if she had understood all that had transpired. Defendant immediately answered, "Yes, I understand. He [indicating the Asst. Public Defender] lied to me Tuesday [the day on which she had pleaded guilty]."

Five days later, again with the same counsel present in court, defendant herself moved for leave to withdraw her guilty plea, and the trial judge scheduled the case the same day for the taking of evidence on this point. At that hearing, the Asst. Public Defender informed the court that he was categorically denying the allegation which was the basis of defendant's motion and was therefore in no position to represent her any longer. The court asked defendant if she wanted a different Asst. Public Defender or a "Bar Association" (i.e., volunteer) lawyer appointed for her, but defendant never acknowledged the court's offer of assistance, responding only that when she had pleaded guilty, it was because her lawyer had told her he would get her off, or "at least probation."

Without appointing new counsel for defendant, all witnesses were sworn and the court proceeded to hear defendant's statements and ask questions of her, the Asst. Public Defender, and the State's Attorney. The latter corroborated defense counsel to the extent of testifying that, in their conversations about the case, probation had been considered entirely out of the question in the light of defendant's previous record and the facts of the pending charges. There was no cross-examination. The trial judge determined that defendant's plea had been knowingly and intelligently entered. Whereupon, he denied defendant's motions to

vacate the judgment and sentence and to permit withdrawal of her guilty plea.

*OPINION*

There is no doubt but what court and counsel properly questioned defendant in open court and ascertained her willing intention to plead guilty at the time that plea was accepted and when judgment and sentence were imposed. Now, however, defendant contends that her plea was not knowingly and intelligently entered since it had been induced by her attorney's assurance that she would be admitted to probation.

■■■ A rule often cited is that permission to change a plea of guilty to not guilty is a matter within the discretion of the trial court. Where it appears that the plea of guilty was entered under a misapprehension of the facts or law or in consequence of a misrepresentation by counsel, the trial court should exercise its discretion in favor of allowing the guilty plea to be withdrawn. (*People v. Jameson,* 387 Ill. 367.) When the instant defendant was sentenced, she made immediate objection and alleged that her plea had been induced by expectation of probation. The trial court correctly scheduled a hearing to determine the propriety of its acceptance of defendant's plea under those circumstances, despite counsel's prompt and unqualified denial. (*People v. McKirdie,* 45 Ill.2d 300.) The entire record appears to indicate that the trial court probably reached the correct ultimate result, but we may not so hold because of the fact that defendant was not represented by counsel at a hearing which we consider a critical stage of the proceedings.

■■■ When the assistant Public Defender, in effect, withdrew from acting as defendant's attorney, the court was under a duty to appoint new counsel to represent her at the final hearing. The fact that defendant neither asked for new counsel nor accepted the trial judge's offer to appoint a "Bar Association" lawyer (we recognize that she may have rejected the offer by gesture, or otherwise, which does not appear of record) does not establish a true waiver of her right to be represented by an attorney. There must be an understanding and intelligent waiver by defendant in regard to this particular hearing if she is to lose her right to be represented by counsel. (*People v. Stevens,* 68 Ill.App.2d 265.) No such waiver being apparent in the record, it was error for the trial judge to conduct the hearing without appointing new counsel for defendant.

We therefore vacate the judgment of conviction and sentence, and remand the cause for a further hearing to determine the voluntariness of defendant's plea of guilty. Because of the conflict-of-interest question, counsel other than the Public Defender should be appointed to represent defendant during such hearing. (See *People v. Smith,* 37 Ill.2d 622.

624.) If it is again found that defendant had lawfully entered her plea of guilty, then the prior judgment and sentence should be reinstated. See *United States v. Wade*, 388 U.S. 218, 242. If it is not so found, defendant should be given leave to withdraw her plea of guilty, enter a plea of not guilty, and the cause should then proceed to trial.

Judgment vacated; cause remanded with directions.

DRUCKER and LORENZ, JJ., concur.