THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN E. BARKER, Defendant-Appellant.

(No. 73-42;

Fifth District—October 17, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, (Michael C. Dunston, Senior Law Student, of counsel,) for appellant.

John C. Reznick, State's Attorney, of Vandalia, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals from his conviction on two counts of armed robbery resulting from a negotiated plea of guilty. Pursuant to the plea agreement defendant was sentenced to concurrent terms of imprisonment of not less than five nor more than six years.

■■ Our decision in this case turns upon the propriety of defendant's waiver of his right to counsel. In its admonishment to defendant in the plea proceedings the court made allusion to defendant's right to counsel on three separate occasions:

1.  "THE COURT: I would advise you that you have a right to have an attorney, if you don't have funds with which to employ an attorney the Court will appoint one for you. Do you want time to talk to an attorney?

    MR. BARKER: No.

    * * *

2.  THE COURT: Is there an agreed plea?

    MR. SPITLER: That he waives appointment of counsel and enters a plea of guilty to two counts of armed robbery, and that he be sentenced to not less than five nor more than six years in the penitentiary. There are charges pending against him in Effingham County, in which there has been no sentence. Mr. Sniderjon has informed that if we sentence him he is willing that the sentence over there would run concurrently, you understand that, and the two sentences were to run concurrently.

    THE COURT: And that is the agreement.

    * * *

3.  THE COURT: Before I accept this plea, even though there is an agreement, I wish to advise that if I accept this plea you are giving up your right to an attorney to represent you, you are giving up a trial by jury, you are relieving the State of the burden of proving you guilty beyond a reasonable doubt and you are giving up the right to be confronted by witnesses, do you fully understand?

    MR. BARKER: RIGHT."

There appears to be little question that the admonitions to defendant that he was entitled to be represented by counsel and was offered counsel were sufficient to comply with the requirements of Supreme Court

Rule 401(a) (Ill. Rev. Stat. 1971, ch. 110A, sec. 401(a)) and *People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791. However, the defendant argues that the record affirmatively shows that his waiver of counsel was an integral part of and conditioned upon the negotiated plea agreement and consequently the waiver was coerced and constitutes a deprivation of the right to counsel as guaranteed by the fifth amendment to the United States Constitution.

■■■ We find no Illinois case directly in point. In its brief the State contends that the defendant's waiver of counsel was not the main object of the plea agreement, but rather was a consequence thereof. We think the State's argument unpersuasive. By conditioning the plea agreement upon defendant's waiver of counsel, the waiver has been rendered involuntary. While a defendant in a criminal case does have a right to waive counsel when that waiver is knowingly and understandingly made (*People v. Nelson*, 47 Ill.2d 570, 268 N.E.2d 2; *People v. Bowman*, 40 Ill.2d 116, 239 N.E.2d 433) it cannot appear that the waiver was induced or accompanied by improper conditions or provisions indicating the defendant was being overreached or placed at a disadvantage in the plea bargaining process established by Supreme Court Rule 402(d). While every guilty plea made without representation of counsel may not be automatically condemned, where, as here, it appears that a waiver of counsel is a condition of a plea agreement between the defendant and the prosecutor, that waiver of counsel must be held invalid. Presumptively, under those conditions, the defendants' right to counsel as guaranteed by the fifth amendment was not knowingly and understandingly waived, but to the contrary, was coerced and involuntary.

The manner in which the waiver of counsel was tied to the guilty plea was perhaps inadvertent and an unintentional slip of the prosecutor's tongue when the terms of the agreement were being disclosed to the court. Nevertheless the record affirmatively shows defendant's waiver of counsel to have been a condition of the negotiated plea and consequently such waiver must be termed coerced.

■■ We would further note that the record does not show that as part of the plea proceeding the court made a determination that defendant's guilty plea was not obtained through any force, threats or promises apart from the plea agreement. This too was error. *People v. Kehoe*, 10 Ill.App.3d 955, 295 N.E.2d 292.

For the foregoing reasons the defendant's convictions are vacated and this cause remanded to the trial court to afford the defendant an opportunity to plead anew.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.