THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD M. ADAMS, Defendant-Appellant.

Third District    No. 78-39

Opinion filed May 10, 1979.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Richard M. Adams appeals to this court from an order entered by the Circuit Court of Knox County, denying defendant's motion to withdraw a guilty plea and vacate the judgment of guilty and, likewise, denying defendant's various addenda to said motion and defendant's motion for a rehearing.

Defendant Adams was charged by information with having committed the offense of theft over $150 in violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)). Defendant waived his right to counsel at that time, entered a plea of guilty, and was sentenced by the circuit judge to 2 to 6 years in the penitentiary.

Within 30 days of sentencing, defendant filed a *pro se* "Motion for Appeal" and a letter with the trial court.

The letter stated the grounds for the motion and the motion asked the court to appoint counsel for defendant. The court then appointed counsel for defendant, to assist in the filing of a motion pursuant to Supreme Court Rule 604 (stated to be "605"). No such motion was ever filed, and, approximately one year later, on the motion of the State's Attorney, the trial court entered an order denying defendant's motion to withdraw his guilty plea and vacate the judgment of guilty, and denying defendant's various addenda to the motion, as well as his motion for rehearing.

The basic question before us is whether the appointed counsel for defendant rendered ineffective assistance to defendant in this cause and whether such ineffective assistance was prejudicial or harmless error.

Following the charge of theft, assertedly resulting from the theft of an automobile, defendant was arraigned before the Circuit Court of Knox County where, as we have noted, he waived his right to counsel and entered a plea of guilty. At the sentencing hearing on October 21, 1976, defendant again waived counsel. The State then recommended that defendant be sentenced to a term of from 2 to 6 years in the penitentiary, and the court sentenced defendant accordingly. After the sentencing, defendant was given the admonition pursuant to Supreme Court Rule 604 with respect to defendants who plead guilty.

On October 22, 1976, a note from defendant to the circuit judge

stating that defendant was making a "Motion to Appeal," was filed in the circuit court. On November 18, 1976, defendant filed a letter and a *pro se* "Motion for Appeal" in the circuit court. The motion requested that counsel be appointed for defendant. In the letter, the defendant alleged that the State's Attorney had told him that he could not have an attorney if he entered a guilty plea and that the State's Attorney had also told defendant that he had a "good chance for probation. He conned me into believing that." On November 18, 1976, the circuit court appointed an attorney to assist defendant in filing his motion pursuant to Rule 604 (incorrectly referred to as "605"). In addition, the trial court entered an order extending the time for filing that motion to December 2, 1976.

Four days after his appointment, the court-appointed counsel sent a letter to defendant at the Joliet Correctional Center. The letter asked defendant to immediately inform the appointed attorney of the grounds for his motion to vacate. Two days later, on November 24, 1976, defendant received the letter in prison and responded by a letter dated November 24, 1976, according to defendant. The envelope in which defendant sent his letter is postmarked November 30, 1976. Defendant's brief suggests that the delay was due to the inefficiency of outgoing mail at the Joliet Correctional Center. The court-appointed counsel received a letter from defendant on December 6, 1976, 4 days after the December 2 deadline set by the court for filing a motion under Rule 604. The letter repeated the allegations which defendant had made to the trial judge in the previous letter, which was filed on November 18. The record indicates that the court-appointed counsel took no action with respect to defendant's letter.

On May 2, 1977, defendant wrote to the circuit clerk of Knox County informing him that the defendant had written his court-appointed attorney several times and had received no response. Defendant asked whether the court-appointed attorney was still representing him. The clerk sent a copy to the court-appointed attorney, and reminded that attorney that he had not yet filed the motion to vacate. On June 14, the defendant wrote the circuit clerk requesting that his pending motion "to withdraw my guilty plea" be called up for hearing. On July 8 defendant filed a *pro se* "addendum to motion to withdraw plea of guilty and to vacate judgment entered on the plea." On August 24, defendant filed a *pro se* motion for appointment of new counsel, as well as a motion to bring his pending motions before the Court. On August 25, the circuit judge wrote defendant that he, the judge, had asked the court-appointed attorney to contact the defendant. After defendant received no contact from the court-appointed attorney, defendant filed a *pro se* petition for post-conviction relief on the ground that the court-appointed counsel's representation of defendant on the motion to vacate was ineffective. (This

motion is apparently being held in abeyance pending the outcome of the instant appeal.)

On November 2, 1977, the State filed a motion to dismiss defendant's motion to withdraw his plea of guilty and all addenda thereto, as we have noted. The State's motion asserted that defendant's motion was not timely and that it asserted no ground in fact or law for relief. On November 23, 1977, defendant filed a second "addendum to motion to withdraw plea of guilty" alleging that his court-appointed attorney was incompetent and requesting appointment of new counsel.

At the hearing on the State's motion to dismiss, held on November 30, defendant was not personally present (he was in prison) but was represented by the court-appointed attorney. That court-appointed attorney represented to the court that defendant's letter dated November 24, 1976, failed to disclose any facts which could support a motion to withdraw the plea of guilty and that, in any event, defendant's response to the court-appointed attorney's letter of November 22, 1976, was not made within the time ordered by the Court and that this constituted a waiver by defendant of a right to make the motion to withdraw the plea of guilty.

On December 5, 1977, the Circuit Judge entered an order denying defendant's "motion to withdraw his guilty plea and vacate judgment of guilty" and the "various addenda to said motion and defendant's motion for rehearing on said motion and addenda." The reasons stated for the order were that the defendant's motions "were not made within the time ordered by this Court and no extensions of time were sought from this Court" and "that said motions * * * assert no ground in fact or law for relief." (On September 8, 1978, the court-appointed attorney filed a "Certificate of Compliance Pursuant to Supreme Court Rule 604(d)" in the appellate court. In the certificate, the court-appointed attorney, under oath, stated that he consulted with defendant to ascertain defendant's contentions of deprivation of constitutional rights; that he examined the trial court file and the report of proceedings of the plea of guilty; that he made no amendments to defendant's *pro se* motion because he felt there were no defects in the guilty plea proceedings.)

Under Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d), "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit." It is clear from the record that defendant never filed a motion to withdraw the guilty plea and vacate judgment and that the only motion defendant filed within the 30-day period was a "Motion for Appeal," accompanied by a letter stating

the grounds for the motion. The grounds stated did not appear in the record and were not, as is required by Rule 604, supported by affidavit.

The trial court, however, did not deny defendant's motion for this reason. Instead, the circuit judge issued an order stating that he was denying defendant's motion because it was not timely filed and because it asserted no ground in fact or law for relief. The judge's order thereby assumed that defendant did in fact file a motion to withdraw his guilty plea and vacate judgment. The only motion filed by defendant which would be so construed was his "Motion for Appeal" and that motion was timely filed within the 30-day period. Apparently the trial court construed defendant's "Motion for Appeal" as a motion to withdraw his guilty plea and vacate judgment. The motion was clearly a document which was timely filed.

Defendant argues, however, that if there was any failure on his part to comply with Rule 604, this was due to ineffective assistance of counsel. Defendant was sentenced on October 21, 1976, and asked that counsel be appointed for him 28 days later on November 18. On November 18, the trial court appointed counsel for defendant and extended the time for such counsel to file the motion to withdraw the guilty plea and vacate sentence on behalf of defendant to December 2, 1976. The appointed counsel wrote to defendant at the Joliet Correctional Center, asking what defendant's grounds for relief were. The letter was sent on November 22, 1976, 4 days after the attorney was appointed to represent defendant. Defendant claims that he responded to the letter the same day he received it, on November 24. The envelope in which the letter was sent was not postmarked until November 30, but defendant blames this on the inefficiency of the Joliet Correctional Center in getting the mail sent out.

It is clear, also, that the court-appointed attorney did not ask the circuit court to extend the time for filing the motion to withdraw the guilty plea and vacate judgment when the December 2 deadline approached. Instead, the court-appointed attorney permitted the deadline to pass assuming, apparently, that if defendant's reply did not reach him by December 2, defendant must be waiving his right to file the motion and, thereby, waiving his right to appeal. Even after receiving defendant's response, the court-appointed attorney did absolutely nothing with regard to defendant's case until the hearing on the State's motion to dismiss the defendant's motion. The court-appointed attorney apparently never responded to defendant's letters asking about the status of his case. On the record, the court-appointed attorney even neglected to write to the defendant when the circuit judge asked him to contact defendant.

Also, and notably, at the hearing on the State's motion to dismiss

defendant's motion, instead of arguing to the circuit judge that there was some basis for granting relief to defendant and requesting an evidentiary hearing on defendant's motion, to allow defendant to prove the facts alleged in the letter which accompanied the "Motion for Appeal," the court-appointed attorney made representations to the court, which provided the court with the basis for granting the State's motion to dismiss defendant's motion. The court-appointed attorney stated to the court that defendant had waived his right to make the motion to withdraw and vacate because defendant's reply to the court-appointed attorney's letter was not timely, and that defendant's reply letter failed to disclose any facts which could support a motion to withdraw a plea of guilty.

The actions of the court-appointed attorney indicate that, not only did he not provide effective assistance as counsel for defendant but that he provided no assistance, or, even worse from the viewpoint of defendant, he made statements contrary to defendant's interest; asked for no extension of time to file defendant's motion to withdraw and vacate; and represented to the trial court that defendant had waived his right to file such motion by not responding to the letter of the court-appointed attorney in time.

*People v. Kinzer* (1st Dist. 1978), 66 Ill. App. 3d 466, 384 N.E.2d 50, involves facts somewhat similar to those in the instant case. In *Kinzer*, the defendant pleaded guilty and was sentenced on July 12, 1977. Defendant was given the Rule 604 admonitions that in order to appeal he must first file a motion to withdraw his guilty plea and vacate judgment. On August 5, 1977, defendant wrote the trial judge from the State penitentiary, requesting an appeal because he did not think his attorney put enough effort in the case and because he was ill-advised. On August 11, 1977, the public defender was appointed to represent the defendant and he filed a notice of appeal. The Appellate Court for the First District in the *Kinzer* case concluded that:

> "The defendant's act of writing to the trial judge within 30 days was clearly an attempt to preserve his right of appeal, although he was 'not at all familiar with the procedure for appeal.' Under these circumstances, the failure of defendant's court-appointed counsel to file a motion to withdraw the guilty plea and vacate the judgment herein was clearly prejudicial to defendant's right of appeal because, as the aforesaid cases indicate, the failure to follow the provisions of Supreme Court Rule 604(d) would preclude filing defendant's appeal. It has been held that the failure of appointed counsel to file such motion to perfect the appeal constitutes ineffective assistance of counsel. (*People v. Meacham*

(3d Dist. 1977), 53 Ill. App. 3d 762, 368 N.E.2d 400.)" (66 Ill. App. 3d 466, 468.)

The court found that the failure of court-appointed counsel, in the *Kinzer* case, to protect defendant's right to appeal, constituted ineffective assistance of counsel and remanded the cause to the circuit court to give defendant an opportunity to file a motion to withdraw and vacate. It is thus noted that in the Kinzer case, the defendant's court-appointed counsel actually filed a notice of appeal, whereas in the cause now before us, the court-appointed counsel filed nothing. It appears to us that the instant case makes an even stronger case of ineffective assistance of counsel.

In the instant case, as in *Kinzer*, defendant's act of writing to the trial judge within 30 days of sentencing was clearly an attempt to preserve his right to appeal, although he was not familiar with the procedure for appeal. Although it could be argued that defendant's right to appeal was not prejudiced in the instant case as was the defendant's right to appeal in *Kinzer* because in the instant case defendant filed a *pro se* "Motion for Appeal," which the court may have construed as a motion to withdraw and vacate (thereby preserving defendant's right to appeal), it would not be consistent to find adversely to defendant merely because he filed some document with the trial court, which was not a motion to withdraw and vacate. There was a responsibility on the part of defendant's court-appointed attorney, according to the *Kinzer* case, to see that a proper motion to withdraw and vacate was filed. In any event, the defendant had the right to obtain assistance from his court-appointed counsel in preparing his motion to withdraw and vacate, and to request an evidentiary hearing.

The State argues that even if defendant's court-appointed attorney was incompetent in performing his duties, this incompetence amounted to harmless error because it did not affect the outcome of defendant's motion. The State claims that the allegations defendant made in his letter accompanying his "Motion for Appeal" were within the direct knowledge of the trial judge, *i.e.*, were not *dehors* the record and that the judge properly exercised his discretion in denying defendant's motion. The State added that even if the court-appointed attorney had filed a new motion and affidavit outlining defendant's allegations, the court would have denied the motion.

The allegations contained in defendant's letter were that the State's Attorney told him that he could not have an attorney if he entered a guilty plea and that the State's Attorney told the defendant that he had "a good chance for probation." These are matters not within the direct knowledge of the trial judge, but were *dehors* the record and might have justified an

evidentiary hearing. There was nothing in the record of what the State's Attorney actually told the defendant. In *People v. Barker* (5th Dist. 1973), 15 Ill. App. 3d 104, 106, 303 N.E.2d 512, the court held that where the State conditioned its plea agreement on defendant's waiver of counsel, the waiver was involuntary and "the defendant's right to counsel as guaranteed by the fifth amendment was not knowingly and understandingly waived, but to the contrary, was coerced and involuntary." The court in *Barker* added:

"The manner in which the waiver of counsel was tied to the guilty plea was perhaps inadvertent and an unintentional slip of the prosecutor's tongue when the terms of the agreement were being disclosed to the court. Nevertheless the record affirmatively shows defendant's waiver of counsel to have been a condition of the negotiated plea and consequently such waiver must be termed coerced." (15 Ill. App. 3d 104, 106.)

The *Barker* court held that defendant's waiver of right to counsel was coerced and involuntary even though the trial court had asked defendant if he wanted an attorney and defendant had responded negatively, and even though that defendant said in open court that he understood that he was giving up his right to be represented by an attorney. As to the instant defendant's allegations, the implication that the State's Attorney would not oppose defendant's request for probation, if sustained, might support a right to withdraw a guilty plea. (*People v. Story* (5th Dist. 1973), 15 Ill. App. 3d 94, 303 N.E.2d 504; *People v. Reher* (2d Dist. 1978), 60 Ill. App. 3d 32, 376 N.E.2d 402.) Although defendant alleged that the State's Attorney told him that he had a good chance for probation, it may appear from the facts that it would be developed, at an evidentiary hearing, that the statement of the State's Attorney might have fairly implied that the State's Attorney would not oppose probation.

The failure of appointed counsel to do anything on defendant's behalf constituted ineffective assistance of counsel. We do not believe it was harmless error, since defendant might be able to prove the allegations alleged in his letter accompanying his "Motion for Appeal," and may establish grounds for allowing him to withdraw his guilty plea and to vacate the judgment finding him guilty of the offense charged. We, therefore, conclude, on the basis of ineffective assistance of counsel, that the order of the circuit court denying defendant's motion to withdraw his guilty plea and vacate the judgment and sentence in this case should be reversed and this cause should be remanded to the circuit court to allow defendant to file a motion to withdraw and vacate within 30 days of the date of the filing of this opinion. The Circuit Court of Knox County is also directed to appoint new counsel for defendant in the circuit court

proceeding. The trial court shall thereupon give prompt consideration to the motion to withdraw and vacate defendant's guilty plea.

This cause is, therefore, reversed and remanded to the Circuit Court of Knox County for further procedures not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.