THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH CREEK, Defendant-Appellant.

Fourth District   No. 4—82—0271

Opinion filed March 3, 1983.—Rehearing denied April 4, 1983.

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

The defendant appeals an order entered by the circuit court of Moultrie County denying his motion for leave to file an amended motion to withdraw his guilty plea to a charge of attempted homicide and to vacate the judgment entered thereon.

Defendant was charged by information with the offenses of attempt (murder) and aggravated battery in violation of sections 8—4(a) and 12—4(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(a), 12—4(b)). On February 24, 1982, he entered a written plea of guilty to the attempted murder charge. After ascertaining that defendant understood the charge against him and knowingly waived all of his legal rights, that the plea was voluntary, and that there was a factual basis for it, the court accepted defendant's plea and sentenced him to eight years in the Department of Corrections followed by three years' mandatory supervised release. Following the imposition of sentence, the court admonished the defendant as follows:

" 'Mr. Creek, it's my duty to advise you that you have a right to appeal this judgment. Prior to doing so, you must file with the trial court within 30 days of this date a written motion asking to have the judgment vacated, and for leave to withdraw your plea of guilty, setting forth your reasons and grounds for the motion. After hearing, if the motion is allowed,' *** 'the plea of guilty, sentence and judgment will be vacated and a trial date set on the charge to which the plea was made.' "

Furthermore, the record indicates that defendant was "advised as to [Supreme Court] Rule 605(b)," which provides in pertinent part:

"Advice to Defendant
***

(b) On Judgment and Sentence Entered on a Plea of Guilty.

In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
***
(5) That if he is indigent *** counsel will be appointed to assist him with the preparation of the motions." 87 Ill. 2d R. 605(b)(5).

On March 23, 1982, the Moultrie County circuit court received from defendant a *pro se* document entitled "Notice of Appeal." This document consists of a printed form which defendant filled in and conforms to all of the requirements for a notice of an appeal to the appellate court. In the space following a question as to whether the appellant is indigent and desires the appointment of appellate counsel, the defendant typed, "Yes!" Upon receipt of this document, the circuit court appointed the office of the State Appellate Defender to represent defendant on appeal. However, that office was not immediately notified of its appointment, and the record contains no positive indication as to when (or if) the State Appellate Defender's office was so notified.

On April 22, 1982, defendant filed a "Motion to Withdraw Plea of Guilty and Vacate the Judgment" and an affidavit in support thereof. The affidavit contains allegations that defendant's guilty plea was "induced by a promise of a charge of Aggravated Battery or a lesser charge;" that the Moultrie County State's Attorney labored under a conflict of interest with respect to the prosecution of defendant; and that the State withheld from defendant favorable evidence which negated the elements of intent and knowledge necessary to support the attempted murder charge. At the same time, the defendant filed a motion to proceed *in forma pauperis* together with a supporting affidavit of assets and liabilities. On the following day, the circuit court appointed a local attorney to represent the defendant on the above motions.

On April 28, 1982, defendant's appointed counsel filed a motion for leave to file an amended motion to withdraw defendant's guilty plea and vacate the judgment entered thereon, and also moved that the appeal which defendant had previously taken from his guilty plea and sentence be dismissed. A hearing on this motion was held on the same date. Arthur Freesh, Moultrie County circuit clerk, testified that on March 23, 1982, his office filed defendant's notice of appeal, and that on the next day the court appointed the office of the State Appellate Defender to represent defendant, but that that office was not notified of its appointment.

At the conclusion of the hearing, the court held that defendant's *pro se* notice of appeal did not constitute a motion to withdraw his guilty plea within the meaning of Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) and that the defendant thus did not file a valid motion to withdraw his guilty plea within 30 days of the date on which he was sentenced as required by the above rule. The court therefore denied defendant's motion for leave to file an amended motion to withdraw his guilty plea and vacate the judgment but allowed defendant's motion to dismiss his appeal.

■ The defendant's sole contention on appeal is that the failure of the circuit court to notify the office of the State Appellate Defender of its initial appointment to represent him deprived him of the assistance of counsel. The defendant asserts that if that office had been promptly notified of its appointment, it could have preserved his right to appeal the judgment entered on his guilty plea by seeing that a timely and proper motion to withdraw his guilty plea and vacate judgment was filed.

We feel that the decision of the supreme court in *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, is controlling. *Frey* was a consolidation of three appeals from the dismissal by the appellate court of appeals from judgments entered upon pleas of guilty. Two of the defendants filed notices of appeal from the judgments entered on their guilty pleas within 30 days of the dates on which they were sentenced, but did not file motions to withdraw their guilty pleas and vacate the judgments entered thereon within that time period as required by Supreme Court Rule 604(d). The office of the State Appellate Defender was in both cases appointed to represent the defendant within 30 days of the date on which he was sentenced. That office apparently did not see that timely motions to withdraw the guilty pleas were filed, however. The supreme court did not hold that the failure of the State Appellate Defender to see that the appropriate motions were filed deprived the defendants of the assistance of counsel. In holding that the appeals were properly dismissed for failure of the defendants to comply with Rule 604(d), the court stated:

> "The plight of the defendants is of their own making. Each was offered the services of counsel without charge. Each rejected the offer. Each was specifically admonished by the court of the necessity of withdrawing the plea of guilty within 30 days as a prerequisite to his right of appeal. If the courts are to retain their vitality and litigation is to have some finality, acts must be accomplished within the time prescribed by law." 67 Ill. 2d 77, 85-86, 364 N.E.2d 46, 49.

Here, as in *Frey*, the defendant did not take advantage of the availability of appointed counsel to assist in the preparation of a motion to withdraw his guilty plea and vacate the judgment. Instead, he decided to take the initial step in the appeal of his conviction without the assistance of counsel. Although he was clearly advised by the trial court that the filing of a motion to withdraw his guilty plea and vacate the judgment entered thereon was the initial procedural step necessary in order to obtain review of the judgment entered on his guilty plea, he nevertheless filed a *pro se* notice of appeal. The filing of that document resulted in the appointment of the office of the State Appellate Defender to assist defendant in the prosecution of his appeal.

In recent years, representation of indigent criminal defendants in Illinois courts has become an increasingly bifurcated process in the sense that counsel who represent such defendants in proceedings which occur at the circuit court level seldom, if ever, represent them in the appeal of the orders and judgments which result from the circuit court proceedings. Although we do not imply that an indigent criminal defendant is to any extent responsible for the actual conduct of his defense, the clear demarcation which has evolved between the work performed by appointed appellate counsel and appointed trial counsel has nevertheless placed one small burden upon such defendants: When requesting appointed counsel, they must provide information relevant to the nature of the proceeding for which appointed counsel is desired sufficient to permit a determination of whether the proceeding is to take place in the circuit court or in an appellate court. The *pro se* notice of appeal filed by the present defendant provides no indication that the proceeding for which he requested counsel was not to take place in the appellate court. Furthermore, the defendant does not contend that he was not properly admonished that a motion to withdraw his guilty plea and vacate judgment was a prerequisite to an appeal of the judgment entered upon his guilty plea or that he misunderstood this admonishment.

■ In sum, the defendant elected to pursue his appeal of the judgment entered on his guilty plea in a manner contrary to that delineated in the trial court's admonishment which he presumably understood. This action resulted in the appointment of the State Appellate Defender, who is implicitly prohibited by statute (see Ill. Rev. Stat. 1981, ch. 38, par. 208—10(a)) from filing the type of motion which would have been necessary in the circuit court to preserve defendant's right to appeal the judgment entered on his plea of guilty. Therefore, the failure of the circuit court to notify the State Appellate Defender's office of its appointment to represent defendant was

harmless error, since that office could not have provided defendant with *any* assistance in view of the posture of the case at the time of the appointment.

All of the cases which defendant cites in support of his argument that he was deprived of the assistance of counsel are distinguishable from the case at bar. In *People v. Adams* (1979), 71 Ill. App. 3d 168, 389 N.E.2d 700, *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 384 N.E.2d 50, and *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065, the defendants, within 30 days of the dates on which they were sentenced, provided the circuit court with facts from which one could conclude that they desired the appointment of counsel for the purpose of filing motions to withdraw their guilty pleas and vacate the judgments imposed. In *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400, the defendant apparently advised the attorney who represented him at his trial that he wished to appeal the judgments entered on his guilty pleas, but that attorney did not file a motion to withdraw the guilty pleas and vacate the judgments within 30 days of the date on which defendant was sentenced. The present defendant, by contrast, provided no indication that he desired the appointment of counsel for any purpose other than the perfection of a direct appeal to this court of the judgment entered on his guilty plea, and did not at any time indicate to his trial counsel that he desired to appeal the judgment entered upon his guilty plea in the manner prescribed by Supreme Court Rule 604(d).

For the foregoing reasons, we affirm the order of the circuit court of Moultrie County denying defendant's motion for leave to file an amended motion to withdraw his guilty plea and vacate judgment.

Affirmed.

WEBBER, P.J., and TRAPP, J., concur.