THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES LEONARD LEDBETTER, Defendant-Appellant.

Fourth District   No. 4—87—0800

Opinion filed August 25, 1988.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant James Leonard Ledbetter appeals a trial court order denying his *pro se* motion to withdraw his guilty plea. The court denied a similar motion presented at defendant's sentencing hearing, finding no factual basis to support the withdrawal of the plea and denied the second motion at a post-conviction hearing without the presence of defendant or appointment and presence of counsel for the defendant. Defendant argues that Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) requires that counsel be appointed to assist an indigent defendant with a motion to vacate a guilty plea. We agree and vacate.

On March 5, 1987, defendant was charged with retail theft. At defendant's request, counsel was appointed to represent defendant on March 6, 1987. On March 16, 1987, defendant entered a plea of not guilty and requested a jury trial. On June 9, 1987, defendant appeared in court with counsel, withdrew his previous plea, and entered a plea of guilty to the charge.

Prior to acceptance of defendant's guilty plea, the court fully admonished the defendant in accordance with Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)).

At the sentencing hearing on October 5, 1987, defendant's counsel presented an oral motion to withdraw defendant's guilty plea. In support of the motion, defendant's counsel argued that the State statute elevating a retail theft offense from a misdemeanor to a felony where a defendant had a prior theft conviction requires that the prior conviction must involve retail theft and not any other theft offense. Defendant stated that his guilty plea was based on the assumption he would be sentenced as a misdemeanant, not a felon, because his prior conviction did not involve retail theft and, therefore, wished to withdraw his plea. The court denied the motion and advised the defendant of his right to appeal after sentencing.

Defendant was sentenced to two years' imprisonment with credit for time served. The court again advised defendant of his right to ap-

peal the conviction and explained that to perfect an appeal, the defendant must file within 30 days a motion to vacate the judgment and withdraw the guilty plea. The court further advised the defendant that if he was indigent, counsel would be appointed to assist him in the preparation and presentment of the motion. Defendant was also told that if his motion was denied, an appeal could be taken and must be filed within 30 days of the denial.

On October 13, 1987, defendant filed, *pro se*, a motion to withdraw his guilty plea. At a hearing on October 19, 1987, the court denied defendant's motion. Neither defendant nor counsel for the defendant was present at this hearing.

Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel."

Defendant argues that this rule, by its express language, requires that counsel be appointed for a defendant at the time a motion to withdraw a plea is filed. In the alternative, defendant urges that fairness requires counsel be appointed in this case, given that the court specifically advised the defendant that counsel would be appointed to assist him with his motion. The State argues that this appeal is without merit because the trial court properly denied defendant's motion the first time it was presented and that the second motion merely restates the first. We find that we cannot address the merits of this appeal because of the lower court's failure to comply with Rule 604(d).

■ Rule 604(d) has several requirements and includes strict guidelines for the courts and defendants to follow. No appeal from a judgment entered on a guilty plea can be taken unless a motion to withdraw the plea is filed in the trial court. A defendant has 30 days from the date on which sentence was imposed to file such a motion. A timely filed motion under Rule 604(d) is a condition precedent to an appeal. (*People v. Wilk* (1988), 124 Ill. 2d 93; *People v. Stacey* (1977), 68 Ill. 2d 261, 267, 369 N.E.2d 1254, 1257.) Once a motion is filed, the court must determine whether a defendant has counsel and must appoint counsel where defendant is indigent and desires counsel. At first glance, Rule 604(d) seemingly requires that a defendant specifically ask that counsel be appointed. However, the rule does not put the onus on the defendant to affirmatively request appointment of

counsel, but rather places the obligation with the trial court to appoint counsel for a defendant unless it finds the defendant knowingly and intelligently waives the right to appointed counsel.

Since the adoption of Supreme Court Rule 604(d) in 1975, few cases have directly addressed whether and when counsel must be appointed under this rule and we are unable to find any Illinois cases factually similar to the present case. However, our courts have long supported and protected a criminal defendant's right to counsel at each critical stage of any trial proceedings and have established rigorous guidelines which must be adhered to before a waiver of the right to counsel will be found. *People v. Baker* (1982), 92 Ill. 2d 85, 440 N.E.2d 856; *People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791; *People v. Prude* (1971), 3 Ill. App. 3d 248, 278 N.E.2d 489.

In *Hessenauer*, the defendant was represented by appointed counsel at a preliminary hearing but appeared *pro se* at his arraignment and pleaded guilty. At this time, the trial judge made no inquiry concerning the absence of the attorney nor did he ask whether the defendant wished to proceed without counsel. On review, the supreme court held that "[a] finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." *Hessenauer*, 45 Ill. 2d at 68, 256 N.E.2d at 794.

Similarly, in *Prude*, a case similar to the present case and decided before the adoption of Rule 604(d), the appellate court found that the trial court erred in not appointing new counsel to represent a defendant on a motion to withdraw a guilty plea. The court stated that a hearing on such a motion is a critical stage of the proceeding and the court is under a duty, in the absence of an understanding and intelligent waiver by the defendant, to appoint new counsel after prior counsel withdrew. The trial judge in *Prude* specifically offered to appoint new counsel but the defendant never responded to the offer. Silence under such circumstances was not found to be equivalent to a waiver.

In addition to the language regarding appointment of counsel, Rule 604(d) provides that "any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." As noted in *People v. Black* (1977), 55 Ill. App. 3d 417, 371 N.E.2d 71, and in *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065, because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he

have assistance of counsel in preparing the motion. In *Black*, the court reversed the trial court's denial of a Rule 604(d) motion for failure to appoint counsel where a defendant's previous counsel had withdrawn from the case. In *Moore*, a similar denial was reversed where a defendant, although represented, did not have the adequate representation required under Rule 604(d) to prevent the waiver consequences from being imposed on the defendant.

There is no question that the trial court below in this case fully advised the defendant as required by Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)). However, the court's duty under Rule 605(b) does not end there. Having advised the defendant that counsel would be appointed to assist him with the motion, the court had an obligation under Rule 604(d) to ensure that the defendant, now proceeding *pro se* on a post-conviction motion where he was previously represented by counsel, was knowingly and intelligently waiving his right to counsel under Rule 604(d). The record does not include any facts to support a waiver of the right to counsel but arguably supports a finding that the defendant anticipated counsel would automatically be appointed for him, given the fact that he had previously declared he was indigent and requested appointment of counsel and later evidenced an intent at the time of sentencing to appeal the denial of his first motion to withdraw his guilty plea.

We note that Rule 605(b)(5), unlike Rule 604(d), does not include any language regarding defendant's "desiring counsel" before counsel shall be appointed by the court. Rather, it states that "if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions." (107 Ill. 2d R. 605(b)(5).) This rule sets forth the court's obligation to advise a defendant that it will appoint counsel for him to assist him with a Rule 604(d) motion. The court has the same obligation under Rule 604(d) to appoint counsel except in those limited circumstances where a defendant affirmatively, knowingly, and intelligently waives the appointment of counsel. We do not find that the defendant waived appointment of counsel under Rule 604(d) in this case.

The trial court erred in not appointing counsel for the defendant after failing to ascertain whether he was waiving his right to counsel, which right is granted to the defendant by Rule 604(d). As recently pointed out by the supreme court in *Wilk*, the rules adopted by the supreme court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions.

For the foregoing reasons, the order of the circuit court of Coles County denying defendant's motion to withdraw his guilty plea and vacate judgment is vacated and the cause remanded for further proceedings consistent with this opinion.

Vacated and remanded with directions.

GREEN, P.J., and LUND, J., concur.