No. 2--96--0558

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

A.D., 1997

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) for the 19th Judicial Circuit

 ) Lake County, Illinois

Plaintiff-Appellee, )

 )

v. ) No. 95--CF--2983

 )

TIMOTHY CUNNINGHAM, ) Honorable

 ) Victoria Rossetti,

Defendant-Appellant. ) Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

The defendant, Timothy Cunningham, was charged with aggra­vated battery (720 ILCS 5/12--4 (West 1994)).  Proceeding 
pro
 
se
, he entered into a plea agreement which provided that he would plead guilty in exchange for a five-year prison sentence to be served consecutively to a 15-year sentence imposed in another case.  Thereafter, the defendant, still 
pro
 
se
, filed a motion to withdraw his guilty plea which was denied.  On appeal, the defendant contends that the trial court erred in failing to ask him whether he wanted an attor­ney to repre­sent him on his motion to withdraw his guilty plea.  After careful­ly review­ing the record on appeal, we affirm.

Prior to the plea proceedings, the defendant indicated to the trial judge that he did not want to be represented by his previously court-ap­pointed attorney.  Instead, the defendant wished to proceed 
pro
 
se
.  The trial court had serious reservations regarding the defendant's competence to waive his right to counsel and ordered the defendant to submit to a psycho­logical evaluation.  The court-appointed psychologist deter­mined that the defen­dant was capable of knowingly and intelli­gently waiving his right to counsel.  As a result, the trial court accepted the defendant's waiver.  The court, however, ordered the defendant's previously-appointed attor­ney to serve as standby counsel.

On February 13, 1996, the 
pro
 
se
 defendant entered into a plea agreement with the State.  The trial court properly admon­ished the defen­dant regarding his plea of guilty and accepted the State's factual basis for the plea.  The trial court entered a judgment of conviction in accordance with the agreement.

Three days later, the 
pro
 
se
 defendant sent a letter to the trial court stating that he wished to withdraw his guilty plea.  In this letter, the defendant asked the court to "send [him] a copy of the motion the attorneys have to file when there's a motion to withdraw a guilty plea."  The defendant further stated in his letter, "Im [sic] going to be the attorney on this ***."

On February 20, 1996, the trial court ordered the prepara­tion of the guilty plea proceedings tran­scripts for the defendant.  The court also granted the defendant additional time to file a motion to withdraw his guilty plea.  The 
pro
 
se
 defendant filed his motion on April 3, 1996.

On May 3, 1996, the court held a hearing on the defendant's motion.  At the hearing, the same previously-appointed attorney appeared as standby counsel for the 
pro
 
se
 defendant.  The trial court did not ask the defendant if he wished to have counsel appointed to represent him, and the defendant did not ask the court to appoint counsel for him.  At the conclusion of the hearing, the trial court denied the defendant's motion to withdraw his guilty plea.

The sole issue on appeal is whether the trial court erred in failing to ascertain whether the 
pro
 
se
 defendant wished to have counsel appointed to represent him regarding his motion to withdraw the guilty plea.  Specifically, the defen­dant claims that Supreme Court Rule 604(d) required the trial court to ask him if he wanted counsel appointed.  The defendant further contends that his previous waiver of his right to counsel did not extend the post-judgment phase of the case.

Supreme Court Rule 604(d) provides, 
in pertinent part, that when a motion to withdraw a guilty plea has been filed, "[t]he trial court shall then determine whether the defendant is repre­sented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel."  145 Ill. 2d R. 604(d).  Ordinarily, fundamental fairness would require the defendant to have assis­tance of counsel to prepare and present a motion to withdraw a guilty plea.  
People v. Janes
, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994), quoting 
People v. Ledbetter
, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988).  However, as the Illinois supreme court ruled in 
People v. Baker
, 92 Ill. 2d 85, 91-2, 440 N.E.2d 856, 859 (1982), waiver of the right to counsel, once made, carries through to all subsequent proceed­ings unless the defendant later requests counsel or other circum­stances suggest that the waiver is limited in scope.  See also 
People v. Redd
, 173 Ill. 2d 1, 24-25, 670 N.E.2d 583, 595 (1996) (holding that a waiver of counsel continues to a subsequent sentencing hearing where no circumstances indicate that the defendant desired counsel).

After reviewing the record, and based upon the unique circumstances of the instant case, we find compliance with the requirements of Rule 604(d).  Prior to the plea proceedings, the defendant indicated that he wished to proceed 
pro
 
se
.  To determine whether the defendant was capable of knowingly and intelligently waiving counsel, the trial court had the defendant psychologically evaluated before allowing him to proceed without counsel.  Three days later, the defendant stated to the trial court in his letter that he wished to act as his own attorney and proceed 
pro
 
se
 on the motion to withdraw his guilty plea. 

Because of the defendant's previous waiver of counsel, his 
stated
 desire to proceed 
pro
 
se
, and the short time period between his initial waiver of counsel and the hearing on the motion to withdraw his guilty plea, we find that it was unneces­sary for the trial court to inquire further into whether the defendant required the appointment of counsel.   See 
Redd
, 173 Ill. 2d at 26-7, 670 N.E. 2d at 595-6) (implying that a previous waiver of counsel continues to a subsequent proceeding where the time lapse between the two proceedings is not exceptionally long); 
People v. Haynes
, 174 Ill. 2d 204, 245, 673 N.E.2d 318, 337 (1996) (holding that the defendant was not entitled to new admonishments regarding his waiver of counsel at sentencing where he indicated that he wished to represent him­self).  Moreover, we note that the defendant at all times had the opportu­nity to consult with standby counsel.  The defendant's standby counsel appeared with the defendant on each occasion the defendant was present in court and was available to advise the defendant on any matter the defendant wished to discuss.   Based on our review of the entire record, we find the trial court did not err in failing to ask the defendant whether he wanted counsel appointed to repre­sent him with regard to his motion to withdraw his guilty plea.  Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LYTTON, P.J., and HOMER, J., concur.