THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALISHA ALLISON, Defendant-Appellant.

Fourth District   No. 4—04—0074

Opinion filed March 28, 2005.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Frank Young, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

In December 2003, the trial court resentenced defendant, Alisha Allison, to six years in prison after revoking her probation for burglary. On appeal, Allison claims the trial court violated her sixth amendment right to counsel (U.S. Const., amend. VI) when it denied her motion to reduce her sentence without first appointing counsel.

We affirm.

## I. BACKGROUND

In June 2001, Allison was charged with residential burglary and criminal damage to property but pleaded guilty to a reduced charge of burglary in exchange for a sentence of probation. In November 2001, the trial court sentenced her to time served (157 days) and 37 months' probation. In January 2003, the State filed a petition to revoke probation, claiming Allison failed to meet many terms of her probation. In April 2003, Allison admitted the allegations in the petition to revoke probation; and in June 2003, the court resentenced her to 48 months' probation and 12 months' work release. In September 2003, the State filed a second petition to revoke probation, alleging Allison violated the terms of her work release. Allison admitted these allegations; and in October 2003, the court resentenced her to the Department of Corrections for 6 years with credit for 258 days served. Within 30 days of her sentence, Allison filed a *pro se* motion for reduction of sentence. In December 2003, the court denied the motion without a hearing.

On appeal, Allison claims her sixth amendment right to counsel was denied when the trial court denied her motion to reduce her sentence without first appointing counsel. She contends the motion to reduce a sentence is a "critical stage" of criminal proceedings triggering her right to the assistance of counsel. In reply, the State makes two arguments. First, because the court advised Allison that an attorney would be appointed to assist her in filing a motion to reduce the sentence if she requested assistance, she is bound by her knowing and voluntary decision to file the motion *pro se*. Second, the court's determination whether to grant Allison's motion to reduce the sentence was not a "critical stage," and no absolute right to counsel attached to it.

## II. ANALYSIS

First, we address the State's argument that Allison knowingly and voluntarily decided to file the motion *pro se*. Following the imposition of sentence, the trial court admonished Allison as follows:

> "Ms. Allison, this is a final and appealable order. You have a right to appeal the finding and sentence I've just imposed. However, before you can appeal the finding and sentence, you must first file in this court a written motion asking for me to reconsider the sentence or to withdraw your admission. *** If you wish to be assisted by counsel in preparation of these motions and can't afford one, one will be provided for you at no cost."

The State points to *People v. Creek*, 112 Ill. App. 3d 1081, 446 N.E.2d 555 (1983), in support of its contention that a defendant who is properly admonished as to the availability of appointed counsel is bound by his or her knowing and voluntary decision to file a motion to

reduce the sentence *pro se*. In response, Allison offers *People v. Ledbetter*, 174 Ill. App. 3d 234, 528 N.E.2d 375 (1988), for the proposition that when a defendant has already been declared indigent and appointed counsel in the prior proceedings, it is reasonable for the defendant to believe counsel would automatically be appointed for her at the postsentencing stage.

In *Creek*, the defendant pleaded guilty to attempted murder. The trial court admonished him as to his right to appeal after filing a motion to vacate the judgment and to withdraw the plea and advised him of his right to have counsel appointed to assist with these motions. Despite the admonishments, the defendant filed a *pro se* notice of appeal within 30 days of the sentencing. Sometime much later, the appellate defender's office was notified of the defendant's desire to appeal. Well outside the 30 days, the defendant then filed a motion to withdraw his plea of guilty and have the judgment vacated. At this time, a local attorney was appointed, and he filed to amend the motion to withdraw the plea and vacate the judgment and moved to dismiss the appeal. The appeal was dismissed, but the trial court denied the motion to amend because the original motion was not filed within 30 days of his sentencing. The defendant's sole contention on appeal was that the failure of the circuit court to notify the office of the State Appellate Defender of its initial appointment to represent him deprived him of the assistance of counsel.

On appeal, this court held the failure of the trial court to notify the public defender's office of its appointment to represent defendant was harmless error and did not deprive him of assistance of counsel, as the defendant decided to proceed *pro se* despite the admonishment as to the availability of counsel. *Creek*, 112 Ill. App. 3d at 1085-86, 446 N.E.2d at 558. This court noted "the defendant elected to pursue his appeal of the judgment entered on his guilty plea in a manner contrary to that delineated in the trial court's admonishment[,] which he presumably understood." *Creek*, 112 Ill. App. 3d at 1085, 446 N.E.2d at 558.

Five years later, this court found that a trial court erred in not appointing counsel for a defendant who had moved *pro se* to withdraw a guilty plea as the court failed to ascertain whether the defendant was waiving his right to counsel in connection with the motion. *Ledbetter*, 174 Ill. App. 3d at 238, 528 N.E.2d at 378. This court held that Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) requires that counsel be appointed to assist an indigent defendant with a motion to vacate a guilty plea. *Ledbetter*, 174 Ill. App. 3d at 235, 528 N.E.2d at 375-76. In reaching this finding, this court noted that Rule 604(d) had several requirements and strict guidelines, one of which is that the trial court

must appoint counsel for a defendant unless it finds the defendant knowingly and intelligently waives the right to appointed counsel. *Ledbetter*, 174 Ill. App. 3d at 236-37, 528 N.E.2d at 376-77.

In *Creek*, the defendant pleaded guilty, was sentenced, and then attempted *pro se* to appeal without filing the necessary motions under Rule 604(d). In *Ledbetter*, the defendant pleaded guilty, was sentenced, and then attempted *pro se* to withdraw the guilty plea under Rule 604(d). In this case, Allison pleaded guilty; was sentenced to probation; had her probation revoked; was sentenced; and filed a motion to reconsider the sentence, claiming it was excessive. Because Allison's appeal was from a sentence imposed following her admission to a petition to revoke probation, Rule 604(b), not Rule 604(d), applies.

This court has held that the "purpose of Rule 604(d) would not be served by its application to [a case dealing with revocation of probation]." *People v. Weatherall*, 131 Ill. App. 3d 867, 869, 476 N.E.2d 489, 490 (1985). Further, appeals from probation-revocation hearings are treated differently from appeals from hearings where a defendant is found guilty based upon his entry of a guilty plea. *People v. Tufte*, 165 Ill. 2d 66, 72, 649 N.E.2d 374, 377 (1995). In *Tufte*, the court held that "a probation[-]revocation proceeding is 'not a step in the criminal prosecution' " as " 'a *** probationer ha[s] already been convicted of a criminal offense' " and " 'there is a qualitative difference between a criminal conviction and the revocation of probation.' " *Tufte*, 165 Ill. 2d at 73, 649 N.E.2d at 377-78, quoting *People v. Beard*, 59 Ill. 2d 220, 225-26, 319 N.E. 2d 745, 747-48 (1974). Relying on *Tufte*, this court held that "the filing of a motion to reconsider sentence or disposition following a probation[-]revocation hearing is unnecessary before taking an appeal, [so] complying with the requirements of Rule 604(d) is likewise unnecessary." *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391, 682 N.E.2d 451, 452 (1997).

Because Rule 604(d) does not apply to probation-revocation hearings such as this one, neither *Creek* nor *Ledbetter* is helpful. Therefore, we consider the rules that apply in a probation-revocation context.

Rule 604(b) states "[a] defendant who has been *** found guilty and sentenced to probation" "may also appeal from an order modifying the conditions of or revoking such an order or sentence." 188 Ill. 2d R. 604(b). This rule does not contain the requirements and strict guidelines that Rule 604(d) does. Further, an appeal from the revocation of probation cannot challenge the guilty plea but normally can only question the propriety of the revocation of probation and the subsequent sentence of imprisonment. *People v. Combs*, 197 Ill. App. 3d 758, 761, 555 N.E.2d 66, 67 (1990).

Under Rule 605(a)(2), which applies when Rule 604(b) applies, the

trial court must advise the defendant of the right to have counsel appointed *on appeal*. 210 Ill. 2d R. 605(a)(2). Only under Rule 605(b)(5), which applies when Rule 604(d) applies, must the trial court advise an indigent defendant that counsel will be appointed to assist the defendant with the *preparation of the motions*. 210 Ill. 2d R. 605(a)(2). Thus, the rules suggest that a defendant sentenced after probation revocation is not entitled to counsel to assist with the preparation of motions but is entitled to counsel for an appeal.

In 1967, the United States Supreme Court in *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967), addressed the extent of a defendant's right to counsel at the time of *sentencing*, where sentencing has been deferred subject to probation. The *Mempa* Court stated that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected" and that the right to counsel applied at "the critical nature of sentencing." *Mempa*, 389 U.S. at 134, 19 L. Ed. 2d at 340, 88 S. Ct. at 257. Further, in making its decision, the *Mempa* Court placed emphasis on the fact that certain legal rights of the defendant could be lost if not brought up during the sentencing phase. *Mempa*, 389 U.S. at 135, 19 L. Ed. 2d at 341, 88 S. Ct. at 257.

Six years later, in determining whether a previously sentenced probationer is entitled to counsel at a revocation *hearing*, the United States Supreme Court held that "[p]robation revocation *** is not a stage of a criminal prosecution, but does result in a loss of liberty." *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60 (1973). *Gagnon* distinguished the "right of an accused to counsel in a criminal prosecution" from the "more limited due process right of one who is a probationer *** only because he has been convicted of a crime." *Gagnon*, 411 U.S. at 789, 36 L. Ed. 2d at 666, 93 S. Ct. at 1763. In the end, the decision as to whether counsel should be appointed for a probation *hearing* rested on the judge using sound discretion to determine on a "case-by-case" basis whether "fundamental fairness" would require counsel. *Gagnon*, 411 U.S. at 790, 36 L. Ed. 2d at 666, 93 S. Ct. at 1763.

In this case, Allison asserts a sixth amendment right to counsel in preparing her motion to reconsider the sentence handed down to her after her probation had been revoked. Allison had the assistance of counsel when she admitted the allegations in the petition to revoke her probation and when she was sentenced. Allison was advised that an attorney could be appointed to assist her in preparing a motion to reconsider the sentence or withdraw her admissions, but Allison chose

to proceed *pro se*. In her motion, Allison only asked that the court rethink its sentencing determination and did not allege, nor does she now allege, any denial of due process or any specific issue requiring the assistance of counsel.

Allison argues the motion to reduce or reconsider a sentence constitutes a critical stage because Rule 605(a)(3)(C) provides, "any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived." 210 Ill. 2d R. 605(a)(3)(C). Thus, a defendant may lose the ability to argue the correctness of her sentence if issues are not brought to the attention of the trial court in the motion to reconsider. *Mempa* discussed that the potential loss of a defendant's rights was significant in its determination that counsel must be appointed for sentencing. The State argues, though, that because Allison filed the essential motion *pro se* despite being properly admonished, she knowingly participated without the assistance of counsel.

We find the motion to reconsider a sentence imposed after revocation of probation does not in every case require the assistance of counsel. Due process may warrant the appointment of counsel to assist in the preparation of such motions in circumstances where fundamental fairness may so dictate. A blanket right to counsel, though, when the rules do not even require that the trial court advise a defendant of such a right, would be inappropriate. In this case, Allison alleges no more than that she believes her sentence is very harsh considering her background. Nothing in her allegation nor the record indicates a possible denial of due process. Further, Allison chose to proceed *pro se* despite the court's statement that it would provide counsel to assist her in preparing the motion even though the court was not required under the rule to give such an admonishment.

Neither the rules nor case law supports an absolute sixth amendment right to counsel in preparing motions to reconsider a sentence imposed upon revocation of probation.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER and APPLETON, JJ., concur.