NO. 4-06-0382        Filed 10/11/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Schuyler County |
| WALTER LOFTON III, | ) | No. 05CF40 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Alesia A. McMillen, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In March 2006, defendant, Walter Lofton III, pleaded guilty to aggravated battery (720 ILCS 5/12-4(b)(6) (West 2004)) and criminal damage to government-supported property (720 ILCS 5/21-4(1)(a) (West 2004)).  In April 2006, the trial court sentenced him to four years' imprisonment for aggravated battery and a concurrent three-year prison term for criminal damage to government-supported property.  At the sentencing hearing, defendant expressed his desire to appeal, and the court thereafter properly admonished defendant of his appeal rights.  One week later, the court directed the clerk of the court to file a notice of appeal.  Defendant appeals, claiming the court erred by failing to appoint counsel to assist him in perfecting his appeal.  We remand with directions.

I. BACKGROUND

In October 2005, the State charged defendant with aggravated battery (720 ILCS 5/12-4(b)(6) (West 2004)) (count I),

criminal damage to government-supported property (720 ILCS 5/21-4(1)(a) (West 2004)) (count II), and resisting a peace officer (720 ILCS 5/31-1 (West 2004)) (count III).  On October 26, 2005, the trial court found defendant indigent and appointed the public defender to represent him.  On January 26, 2006, defendant waived his right to a jury trial.

On March 22, 2006, defendant entered a negotiated guilty plea to counts I and II.  The State agreed to seek no more than five years' imprisonment on count I and three years' imprisonment on count II.  The State also agreed to dismiss count III.

On April 26, 2006, the trial court held the sentencing hearing.  At the outset, the court denied defendant's request for a continuance to retain private counsel.  Defendant's appointed counsel, Robert A. Jones, then requested a recess to confer with defendant.  Following the recess, attorney Jones informed the court that he and defendant had chosen not to present any formal evidence.  After hearing the arguments of counsel, the court sentenced defendant to four years' imprisonment on count I and a concurrent three-year prison term on count II.  The sentencing order indicates the court also dismissed count III.

The trial court admonished defendant of his appeal rights as follows:

"THE COURT: *** You have a right to appeal.

THE DEFENDANT: I want to appeal.

THE COURT: Prior to taking an appeal,

- 2 -

you must file in the trial court within 30 days of today's date, the date on which sentence was imposed, a written motion asking to have the judgment vacated and for leave to withdraw your plea of guilty, setting forth your grounds for the motion.

If the motion is allowed, the plea of guilty, sentence[,] and judgment would be vacated, and a trial date would be set on the charges to which the plea of guilty was made. Upon request of the People, any charges that were dismissed as part of the plea agreement would also be reinstated and set for trial.

[Defendant], have you heard what I said to you about your appeal so far?

THE DEFENDANT: Yes.

THE COURT: Pardon?

THE DEFENDANT: Yes.

THE COURT: If the [m]otion to [v]acate the plea is allowed, the plea of guilty, sentence[,] and judgment will be vacated, and a trial date will be set on the charges to which the plea of guilty was made. Upon request of the People, any charges that may have been dismissed as part of the plea agreement would be reinstated and also set

for trial. If you're indigent, that is without funds, a copy of the transcript of the proceedings at the time of *** your plea of guilty and sentence would be provided without cost to you and counsel appointed to assist you in the preparation of the motions.

If the [m]otion to [v]acate the [j]udgment is denied, and you still desire to appeal, you must file your [n]otice of [a]ppeal within 30 days of the date that the motion was denied.

And in any appeal taken from the judgment on plea of guilty, any issue or claim of error not raised in the [m]otion to [v]acate the [j]udgment and withdraw your plea of guilty shall be deemed waived or given up.

Do you understand your rights on appeal, sir?

THE DEFENDANT: Yeah.

THE COURT: Is that a yes?

THE DEFENDANT: (No response.)

THE COURT: I didn't hear you, sir.

MR. JONES: You have to say yes or no.

THE COURT: Do you want to come back this afternoon and do appeal rights and then they'll take you to the Department of Correc-

tions [(DOC)] this afternoon?

> (Discussion off the record between [a]ttorney Jones and the [d]efendant.)
>
> THE DEFENDANT: Yes.
>
> THE COURT: Very well, defendant remanded to the custody of the sheriff for transportation to the [DOC]."

The record contains no indication that any further proceedings occurred. Because the court remanded defendant to the custody of the sheriff for transportation to DOC, it appears defendant responded "yes" to the court's question regarding whether defendant understood his appeal rights and not to the court's question regarding continuing the admonishments.

On May 3, 2006, the trial court entered the following order:

> "Defendant having stated in court on 4-26-06 that he wants to appeal, [c]ircuit [c]lerk is directed to file notice of appeal on behalf of defendant. Appellate defender is appointed to represent defendant on appeal."

Also on May 3, 2006, the circuit clerk filed the notice of appeal.

On December 4, 2006, defendant filed in this court a motion for summary disposition. This court denied the motion.

II. ANALYSIS

Defendant argues he was denied his constitutional right to the assistance of counsel for the purpose of protecting his direct appeal.  Specifically, defendant asserts that when defendant stated he wanted to appeal, the trial court erred by failing to appoint counsel to assist him in perfecting that appeal.  The State argues the court was not required to appoint counsel for defendant where defendant made no request for the appointment of counsel and did not indicate that he wanted to file a motion to withdraw his guilty plea.

Because the facts are undisputed and the appeal involves only a legal issue, this court reviews the issue de novo. See People v. Woodrum, 223 Ill. 2d 286, 300, 860 N.E.2d 259, 269 (2006).

Pursuant to Supreme Court Rule 604(d), a defendant may not appeal from a judgment entered upon a plea of guilty unless (1) he files a timely motion to reconsider, if challenging only his sentence; or (2) if challenging his plea, files a timely motion to withdraw the guilty plea and to vacate the judgment. 210 Ill. 2d R. 604(d), eff. December 13, 2005.  In the case of a negotiated plea, however, a defendant cannot challenge his sentence without filing a timely motion to withdraw his guilty plea and vacate the judgment. 210 Ill. 2d R. 604(d).  Supreme Court Rule 604(d) further provides, in relevant part, as follows:

> "The motion shall be in writing and shall state the grounds therefor.  ***  The motion

- 6 -

shall be presented promptly to the trial judge by whom the defendant was sentenced ***. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." 210 Ill. 2d R. 604(d).

Although Rule 604(d) speaks in terms of a right to counsel after the postplea motion is filed, it is well settled that Rule 604(d) provides a defendant with the right to the aid of an attorney in the preparation and presentation of a postplea motion. People v. Barnes, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (1997). In fact, this court has previously held that it is the trial court's obligation to appoint counsel regardless of whether a defendant has made a specific request for the court to do so. People v. Ledbetter, 174 Ill. App. 3d 234, 236-37, 528 N.E.2d 375, 376-77 (1988). See also People v. Griffin, 305 Ill. App. 3d 326, 331, 713 N.E.2d 662, 665 (1999) (finding a trial court is required to investigate whether a defendant who pleaded guilty wants counsel when the defendant manifests an interest in appealing his judgment and sentence).

In this case, the trial court properly admonished defendant in accordance with Supreme Court Rule 605(c) pertaining to a judgment and sentence entered on a negotiated plea of guilty. See 210 Ill. 2d R. 605(c). In particular, the court informed defendant that, prior to taking an appeal, he had to

- 7 -

file, within 30 days, a written motion seeking to have the judgment vacated and for leave to withdraw the plea of guilty. See 210 Ill. 2d R. 605(c)(2). The court also informed defendant that if he was indigent, counsel would be appointed to assist him in the preparation of the motions. 210 Ill. 2d R. 605(c)(5).

Despite these admonitions, however, and despite knowing defendant had expressed a desire to appeal before receiving the admonishments, the trial court did not make any further inquiry of defendant regarding his desire to appeal. Instead, a week later, the court directed the clerk to file a notice of appeal without, it appears, any further contact by defendant. This action deprived defendant of his right to appeal. That is, because defendant did not file a motion to withdraw his guilty plea, he could not challenge his plea or sentence on appeal. See 210 Ill. 2d R. 604(d); People v. Linder, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172 (1999) (holding that a defendant who pleads guilty in exchange for a cap on the length of his sentence must file a motion to withdraw his guilty plea before challenging a sentence imposed within the range of the cap).

This court recognizes the difficulty facing trial courts when a defendant expresses a desire to appeal. Often, a defendant receives the proper admonitions and then expresses a desire to appeal by writing a letter to the trial judge or circuit clerk. The court is then put in the awkward position of trying to determine whether, despite the admonitions, the defendant still wants a notice of appeal filed or whether the request

should be construed as a desire to file the appropriate posttrial motion.

However, in this case, the trial court acted without authority by directing the clerk to file a notice of appeal. Although defendant had initially expressed a desire to appeal, he did not indicate that he wanted to appeal after he had received the appeal admonitions. Defendant was deprived of approximately three weeks' time in which to determine whether to file a posttrial motion.

## III. CONCLUSION

For the reasons stated, we remand this cause with directions to the trial court to strike the notice of appeal and confirm whether defendant wants to file a posttrial motion.

Remanded with directions.

KNECHT and COOK, JJ., concur.