NO. 4-07-0439     Filed 1/29/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL No. 37, | ) ) | Appeal from Circuit Court of |
| Plaintiff-Appellee, | ) | Sangamon County |
| v. | ) | No. 06CH395 |
| THE CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| Defendant-Appellant. | ) | Honorable |
| | ) | Patrick W. Kelley, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In February 2006, plaintiff, the International Association of Firefighters, Local No. 37 (hereinafter the Union) and defendant, the City of Springfield, entered into arbitration to resolve a dispute regarding the proper application of the Family and Medical Leave Act of 1993 (29 U.S.C. §§2601 through 2654 (2000)), pursuant to their collective-bargaining agreement.

In June 2006 and August 2006, the Union and the City, respectively, filed petitions requesting that the trial court partially vacate and amend the arbitrator's ruling.

The parties later filed cross-motions for summary judgment, each alleging that certain portions of the arbitrator's ruling should be vacated. In April 2007, the trial court granted the Union's motion and partially vacated the arbitrator's ruling. The City appeals, arguing, in part, that the court lacked authority to determine whether the arbitrator misinterpreted the Medical Leave Act.

Because we conclude that the trial court lacked author-

ity to reach the merits of the parties' respective arguments, we vacate the court's judgment and reinstate the arbitration award in its entirety.

## I. BACKGROUND

Since we explicitly decline to address the merits of the arguments considered by the trial court, we summarize the factual issues and discuss them only to the extent necessary to place them in the proper context.

In February 2005, a City employee was seriously injured in an off-duty incident. When the City realized the employee was not able to perform his assigned duties, it placed the employee in a leave status under the Medical Leave Act. The employee did not request this action, nor did the City inquire if the employee desired to be placed in such a status.

In August 2005, the Union initially filed a grievance with the City contesting the manner and methodology by which the City administered the parties' collective-bargaining agreement. Specifically, the Union sought to determine whether (1) the collective-bargaining agreement gave employees the right to request or decline being placed in a leave status under the Medical Leave Act and (2) the Medical Leave Act mandated that the City place employees in a leave status after meeting specific qualifying criteria.

In February 2006, after the Union's grievance was denied by the City, the Union and the City began arbitration pursuant to the parties' collective-bargaining agreement. In May

2006, the arbitrator found that (1) the collective bargaining agreement provided employees the option to request leave under the Medical Leave Act; (2) based on the parties' collective-bargaining agreement, the City could not place employees in a leave status under the Medical Leave Act without their request; and (3) the Medical Leave Act mandated that an employer place qualified employees in a leave status. The arbitrator concluded that the City did not violate the collective-bargaining agreement by placing employees in a leave status under the Medical Leave Act involuntarily and subsequently denied the Union's grievance in its entirety.

In June 2006 and August 2006, the Union and the City, respectively, filed petitions requesting the trial court partially vacate and amend the arbitrator's ruling.

The parties later filed cross-motions for summary judgment, each alleging that certain portions of the arbitrator's judgment should be vacated. In April 2007, the trial court granted the Union's motion and partially vacated the arbitrator's ruling. In particular, the court vacated the arbitrator's conclusion that the Medical Leave Act mandated that an employer place qualified employees in a leave status.

This appeal followed.

## II. ANALYSIS

### A. Judicial Review of Arbitration Awards

The scope of judicial review of an arbitration award is nothing like the scope of an appellate court's review of a trial

court's decision because the Uniform Arbitration Act (710 ILCS 5/12, 13 (West 2006)) provides for limited judicial review of the arbitrator's award. Hawrelak v. Marine Bank, Springfield, 316 Ill. App. 3d 175, 178, 735 N.E.2d 1066, 1068 (2000). A court shall vacate an arbitrator's award only under the following circumstances: (1) if the award was procured by corruption, fraud, or other undue means; (2) where there was evident partiality or corruption by the arbitrator or misconduct that prejudiced any party; (3) where the arbitrator exceeded his power; (4) where the arbitrator refused to postpone a hearing upon sufficient cause or declined to hear material evidence, so as to prejudice substantially the rights of a party; or (5) where there was no arbitration agreement, the issue was not adversely determined, and the party did not participate in the arbitration hearing. 710 ILCS 5/12 (West 2006); Hawrelak, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069. If the arbitrator acted in good faith, the award is deemed conclusive upon the parties. Tim Huey Corp. v. Global Boiler & Mechanical, Inc., 272 Ill. App. 3d 100, 106, 649 N.E.2d 1358, 1362 (1995).

A presumption exists that arbitrators do not exceed their authority. Hawrelak, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069. Such deference is accorded because the parties have chosen by contractual agreement how their dispute is to be decided, and judicial modification of an arbitrator's decision deprives the parties of their choice. Huey, 272 Ill. App. 3d at 106, 649 N.E.2d at 1362. Because the parties to an arbitration

did not bargain for a judicial determination, a reviewing court cannot set aside an arbitration award because of errors in judgment or mistakes of law or fact. Rauh v. Rockford Products Corp., 143 Ill. 2d 377, 393, 574 N.E.2d 636, 644 (1991). "A party seeking to vacate an arbitration award must provide clear, strong, and convincing evidence that the award was improper." Hawrelak, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069, citing Canteen Corp. v. Former Foods, Inc., 238 Ill. App. 3d 167, 179-80, 606 N.E.2d 174, 182 (1992).

### B. The Arbitrator's Award

The City first argues that the trial court lacked authority to determine whether the arbitrator misinterpreted the Medical Leave Act. We agree.

Because the pertinent facts are undisputed and only the trial court's legal conclusions are at issue, we review de novo the court's ruling. People v. Lofton, No. 4-06-0382, slip op. at 6 (October 11, 2007), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___, citing People v. Woodrum, 223 Ill. 2d 286, 300, 860 N.E.2d 259, 269 (2006).

In this case, the sole issue before the trial court was the arbitrator's interpretation of the Medical Leave Act within the context of the parties' collective-bargaining agreement. We agree with the City that a mere disagreement about the arbitrator's interpretation of a statute does not fall within the limited circumstances under which trial and appellate courts are allowed to review an arbitrator's award. Moreover, our review of

- 5 -

the record indicates that none of the circumstances that would allow the trial court or this court to vacate an arbitrator's award were even remotely present or argued by the parties.

We note that in its brief to this court, the Union fails to even mention controlling Illinois authority--namely, this court's recent decision addressing a court's proper role in reviewing arbitration awards. See Hawrelak, 316 Ill. App. 3d at 178, 735 N.E.2d at 1069 (the court's review of an arbitrator's award is limited to specific circumstances). Instead, the Union relies on the Seventh Circuit's decision in Roadmaster Corp. v. Production & Maintenance Employees' Local 504, 851 F.2d 886 (7th Cir. 1988), which is--at most--merely persuasive. However, given that Roadmaster was decided before this court's decision in Hawrelak and could not take into account arbitration award cases decided since 1988, it is not even persuasive authority.

Absent any evidence that (1) the arbitrator's award was made in bad faith, (2) the arbitrator was guilty of fraud or corruption, (3) the arbitrator exceeded his power, or (4) the arbitrator deliberately chose not to follow the law, the trial court should not even have addressed the merits of the parties' arguments. Thus, the trial court's partial vacatur of the arbitration award cannot stand.

To conclude otherwise would put this court on the very path our supreme court warned about long ago in Garver v. Ferguson, 76 Ill. 2d 1, 389 N.E.2d 1181 (1979). In stating that an arbitrator's award should be upheld whenever possible, the court

opined that "'[a] contrary course would be a substitution of the judgment of the [court] in place of the [arbitrator] chosen by the parties, and would make an award the commencement, not the end, of litigation.'" Garver, 76 Ill. 2d at 9, 389 N.E.2d at 1184, quoting Burchell v. Marsh, 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99 (1854).

We adhere to our decision in Hawrelak and reemphasize our analysis in that case that the "scope of judicial review of an arbitration award is nothing like the scope of an appellate court's review of a trial court's decision." Hawrelak, 316 Ill. App. 3d at 178, 735 N.E.2d at 1068. In addition, "[o]nce parties bargain to submit their disputes to the arbitration system (a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure), we are disinclined to save them from themselves." Hawrelak, 316 Ill. App. 3d at 181, 735 N.E.2d at 1070; see also Huey, 272 Ill. App. 3d at 111, 649 N.E.2d at 1366 ("'Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication.' [Citation.]").

Because we conclude that the trial court should not have reached the merits of the parties' arguments, we need not address the merits of the City's remaining arguments.

### III. CONCLUSION

For the reasons stated, we vacate the trial court's judgment and reinstate the arbitration award in its entirety.

Vacated; arbitrator's award reinstated.

- 7 -

MYERSCOUGH and KNECHT, JJ., concur.