# Illinois Official Reports

## Appellate Court

---

### *Hjerpe v. Thoma*, 2017 IL App (4th) 160844

---

| | |
|---|---|
| Appellate Court Caption | ERIC HJERPE, Plaintiff and Counterdefendant-Appellee, v. ROLAND J. THOMA, Defendant and Counterplaintiff-Appellant.—ROLAND J. THOMA, Plaintiff-Appellant, v. ERIC HJERPE, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket Nos. 4-16-0844, 4-16-0846 cons. |
| Filed | July 13, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, Nos. 11-L-224, 11-CH-451; the Hon. Charles M. Feeney III, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ryne J. Takacs and Richard E. Stites, of Livingston, Barger, Brandt & Schroeder, LLP, of Bloomington, for appellant.<br><br>William M. Anderson IV, of Anderson & Harper, of Creve Coeur, for appellee. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Harris and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1　　　Roland J. Thoma and Eric Hjerpe were the principal members of Thoma & Hjerpe, Certified Public Accountants (T&H), an accounting firm located in Bloomington, Illinois. In January 2010, Thoma and Hjerpe signed a document, entitled "Integrated Business Acquisition and Employment Agreement" (Agreement) that governed their business relationship. In December 2011, the parties filed lawsuits against each other, and the trial court determined the Agreement required the parties to pursue their claims through binding arbitration. In June 2016, the arbitrators issued their decision and an offset award in favor of Hjerpe for $271,194.42. Thoma filed a motion in the trial court to modify, correct, or vacate the arbitrators' decision. The court denied the motion and awarded Hjerpe $12,335.75 in attorney fees for the trial court litigation of Thoma's motion.

¶ 2　　　On appeal, Thoma argues that the arbitration award should be vacated and that the trial court's award of attorney fees was improper. For the reasons that follow, we disagree and affirm.

¶ 3　　　　　　　　　　　　　　　　I. BACKGROUND

¶ 4　　　In December 2011, Hjerpe filed a complaint against Thoma, alleging breach of contract and tortious interference with a business relationship (McLean County case No. 11-L-224). Hjerpe alleged Thoma joined a competitor and, using false statements, attempted to lure T&H customers to Thoma's new employer. Based on these allegations, Hjerpe filed a motion for a temporary restraining order and preliminary injunction.

¶ 5　　　Later in December 2011, Thoma filed a complaint against Hjerpe, alleging tortious interference with a business relationship, defamation, replevin, and rescission of contract (McLean County case No. 11-CH-451).

¶ 6　　　Later that month, the trial court consolidated case Nos. 11-L-224 and 11-CH-451. The court found section 10.11 of the Agreement governed the parties' claims and required them to participate in mediation, followed by binding arbitration.

¶ 7　　　Two additional complaints followed. In January 2012, Thoma filed a verified countercomplaint in case No. 11-L-224, in which he sought payments owed under the Agreement. In March 2012, Thoma and his wife, Donna Thoma, filed a complaint against Hjerpe and T&H alleging unpaid wages, common-law retaliatory discharge, and false light invasion of privacy (McLean County case No. 12-L-43).

¶ 8　　　Over the next several years, the parties engaged in discovery and made numerous filings. Thoma filed an interlocutory appeal with this court, challenging the trial court's order granting sanctions for a discovery violation in case Nos. 11-CH-224 and 12-L-43. This court affirmed. See *Hjerpe v. Thoma*, 2014 IL App (4th) 130360-U.

¶ 9　　　In October 2015, a five-day evidentiary hearing commenced before the three arbitrators whom the parties selected.

¶ 10　　　In March 2016, the arbitrators issued a 29-page interim award, detailing their findings. The arbitrators awarded damages to both parties and, after offsetting the award, found in favor of Hjerpe for $271,194.42. The arbitrators noted a fee-shifting provision in the Agreement allowed the successful party to receive attorney fees for the cost of the action. The arbitrators reserved the issue of attorney fees and requested the parties to respond in writing as to which

party, if any, was entitled to attorney fees for the arbitration proceedings. The fee-shifting provision in the Agreement provided, as follows:

> "In the event that any action is filed in relation to this agreement, the unsuccessful party in the action shall pay to the successful party, in addition to all the sums that either party may be called on to pay, a reasonable sum for the successful party's attorney fees."

¶ 11 In May 2016, Thoma filed a motion in the trial court to modify, correct, or vacate the decision of the arbitrators.

¶ 12 In June 2016, the arbitrators issued their final award. The award remained unchanged from the interim award, but the arbitrators concluded that neither party was entitled to attorney fees because both parties were successful on different claims.

¶ 13 In August 2016, Thoma's substitute counsel filed a new motion to modify, correct, or vacate the decision of the arbitrators. Thoma argued that the arbitrators exceeded their power and showed partiality and that the arbitration award contained facial miscalculations.

¶ 14 On September 26, 2016, Hjerpe responded to Thoma's motion and requested that the trial court (1) deny Thoma's motion, (2) enter judgment in Hjerpe's favor based on the arbitrators' award of $271,194.42, (3) enjoin Thoma from disposing of any assets, and (4) grant Hjerpe attorney fees for defending the trial court motion.

¶ 15 In October 2016, the trial court held a hearing on Thoma's motion to modify, correct, or vacate the decision of the arbitrators. The court denied the motion and reserved the issue of attorney fees until a later hearing. The court entered judgment in favor of Hjerpe for $271,194.42.

¶ 16 Later that month, the trial court heard arguments and testimony on the issue of attorney fees for the litigation of Thoma's motion to modify, correct, or vacate the arbitrators' decision. The court awarded attorney fees in favor of Hjerpe for $12,335.75.

¶ 17 This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19 Thoma argues that (1) the arbitration award should be vacated because (a) the arbitrators exceeded their powers and (b) the arbitration award contained facial miscalculations, and (2) the trial court's award of attorney fees was improper. We disagree and affirm.

¶ 20                          A. The Arbitration Award

¶ 21 Our review of an arbitration award is nothing like the scope of our review of a trial court's decision. *Hawrelak v. Marine Bank, Springfield*, 316 Ill. App. 3d 175, 178, 735 N.E.2d 1066, 1068 (2000). The Uniform Arbitration Act (710 ILCS 5/1 to 23 (West 2016)) provides for very limited judicial review of an award and only allows vacatur or modification of such an award in limited circumstances. 710 ILCS 5/12, 13 (West 2016). As long as "the arbitrator acted in good faith, the award is deemed conclusive upon the parties." *International Ass'n of Firefighters v. City of Springfield*, 378 Ill. App. 3d 1078, 1081, 883 N.E.2d 590, 592 (2008).

¶ 22 Accordingly, an arbitration award should be construed to uphold its validity. *Hawrelak*, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069. This deferential approach is strongly guided by public policy: Because the parties chose in their contract how disputes would be decided, judicial modification of such an award would deprive the parties of this choice. *Id.*; see also

*Garver v. Ferguson*, 76 Ill. 2d 1, 9, 389 N.E.2d 1181, 1184 (1979) ("A contrary course would be a substitution of the judgment of the [court] in place of the [arbitrators] chosen by the parties, and would make an award the commencement, not the end, of litigation." (Internal quotation marks omitted.)). As such, "a reviewing court cannot set aside an arbitration award because of errors in judgment or mistakes of law or fact." *Hawrelak*, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069.

¶ 23    First, Thoma argues the arbitrators exceeded their powers and showed partiality because they removed Hjerpe's burden to establish lost profits with reasonable certainty when they developed their own calculations and values to determine the parties' damages.

¶ 24    We note that Thoma's contentions on appeal are analogous to arguments parties typically raise regarding a trial court's procedures and rulings. However, Thoma did not contract to submit to the judgment of the courts, and we will not inject ourselves into a case where the parties have exercised their rights to submit their disputes to arbitration. The parties bargained for the arbitrators' review of the facts and assessment of damages, and they got it. See *id.* at 181, 735 N.E.2d at 1070 ("Once parties bargain to submit their disputes to the arbitration system (a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure), we are disinclined to save them from themselves."); see also *Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 110-11, 649 N.E.2d 1358, 1365-66 (1995) (cautioning parties that arbitration is an inferior system of justice and courts should not interfere with the parties' contractual choices). The record is devoid of any indication that the arbitrators made their decision in bad faith, that any of the arbitrators were guilty of fraud or deception, or that the arbitrators deliberately chose not to follow the law. Consequently, Thoma's contentions are of no concern to this court.

¶ 25    Thoma alternatively argues that the arbitration award contains facial miscalculations and must be modified and corrected. Although it is true that a reviewing court can set aside an arbitration award because of *gross* errors of judgment in law or *gross* mistakes of fact, they must be apparent on the face of the award. See *Hawrelak*, 316 Ill. App. 3d at 179, 735 N.E.2d at 1069. However, Thoma does not argue that any of the alleged errors are *gross* in nature. Further, the error he alleges is not apparent on the face of the award. This is evidenced by his brief, which includes numerous pages of explanations and calculations demonstrating how the arbitrators should have calculated the parties' respective damages. We decline Thoma's request to dissect the arbitrators' award and remind him that he bargained for arbitration, which included the arbitrators' assessment of damages.

¶ 26                                    B. Attorney Fees

¶ 27    Thoma argues that it was improper for the trial court to award attorney fees to Hjerpe for the litigation of Thoma's motion to modify, correct, or vacate the decision of the arbitrators.

¶ 28    Illinois follows the "American Rule," which provides that, absent statutory authority or a contractual agreement providing otherwise, each party must bear his or her own attorney fees and costs. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64, 962 N.E.2d 418. An exception to this rule applies when a contract provides a fee-shifting provision for attorney fees, and a reviewing court is required to strictly construe it to mean nothing more, but also nothing less, than the plain language of the provision. *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 403 Ill. App. 3d 234, 254-55, 931 N.E.2d 780, 798 (2010). A trial court's award of attorney fees must include only reasonable fees for reasonable services. *McHenry*

*Savings Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 113, 924 N.E.2d 1197, 1206 (2010). Whether to award attorney fees is a matter within the trial court's discretion, and its decision will not be disturbed absent an abuse of that discretion. *Central Illinois Electrical Services, LLC v. Slepian*, 358 Ill. App. 3d 545, 550, 831 N.E.2d 1169, 1173 (2005). "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41, 39 N.E.3d 961.

¶ 29        As previously stated, section 10.12 of the Agreement provided:

> "In the event that any action is filed in relation to this agreement, the unsuccessful party in the action shall pay to the successful party, in addition to all the sums that either party may be called on to pay, a reasonable sum for the successful party's attorney fees."

¶ 30        Thoma argues that the trial court erroneously classified his motion to modify, correct, or vacate the arbitration award as an independent action. Instead, he contends his motion constituted a continuation of the arbitration proceedings, and because the arbitrators decided neither party was entitled to attorney fees, his motion was not subject to attorney fees. We disagree.

¶ 31        Here, the record shows that the parties entered into a contractual agreement, which included the previously mentioned fee-shifting provision for attorney fees. The plain, unambiguous language of that provision permitted the prevailing party—namely, Hjerpe—to recoup his reasonable attorney fees from Thoma, the unsuccessful party, for *any action* filed in connection with the Agreement. The *action* that triggered the fee-shifting provision was Thoma's motion to modify, correct, or vacate the arbitrators' award (based on the same grounds he raises on appeal). As this court has already determined, his contentions were not justiciable. Regardless, Thoma's motion in the trial court to modify, correct, or vacate the arbitration award constituted an action where the prevailing party would be entitled to reasonable attorney fees under the fee-shifting provision of the Agreement. Thus, the trial court did not abuse its discretion when it awarded Hjerpe, the successful party, reasonable attorney fees for the litigation of the motion.

¶ 32                                    III. CONCLUSION
¶ 33        For the foregoing reasons, we affirm the trial court's judgment.

¶ 34        Affirmed.