2020 IL App (2d) 190808-U
No. 2-19-0808
Order filed July 9, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ANNE DAVIS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 10-CH-200 |
| | ) | |
| KEVIN A. SCHECK, Individually and as | ) | |
| Trustee of the Patricia Scheck Irrevocable | ) | |
| Trust Agreement, TIMOTHY E. SCHECK, | ) | |
| CAROLYN SCHECK, and DAWN SCHECK, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Zenoff and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Appellate court obtained jurisdiction of the appeal pursuant to Supreme Court Rule 304(b)(1); (2) Plaintiff forfeited review of claim regarding the trustee's calculation and final plan of distribution by failing to raise arguments in the trial court; (3) Defendants' petition for attorney fees was timely filed, and trial court had jurisdiction to consider it; (4) Trial court did not err in granting defendants' petition for attorney fees.  Judgment affirmed.

¶ 2    Plaintiff, Anne Davis, is one of the beneficiaries of the Patricia M. Scheck Irrevocable Life

Insurance Trust, Dated April 22, 2002 ("ILIT").  She now appeals from the trial court's orders

approving the Trustee's Calculation and Final Plan of Distribution and granting the fee petition of

defendants Kevin Scheck (individually), Timothy Scheck, Carolyn Scheck, and Dawn Scheck ("Scheck Defendants"), the other beneficiaries. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Patricia Scheck died on October 22, 2009. Anne, her daughter, was named executor of the estate, while Kevin, Patricia's son, was the trustee of the ILIT. In January 2010, Anne filed a complaint in declaratory judgment, seeking to establish which of two versions of an ILIT was the operative version. Anne and the Scheck Defendants argued that different versions were operative. Trial was not held on the complaint until January 2018. After a three-day trial, the trial court entered a directed finding that the Scheck Defendant's ILIT was the operative ILIT. This court affirmed that decision in *Davis v. Scheck*, No. 2-18-0134 (Feb. 13, 2019) (unpublished order pursuant to Supreme Court Rule 23).

¶ 5     In June 2019, Kevin, as trustee, filed a Petition for Approval of Trustee's Calculation and Final Plan of Distribution. He also filed a petition for attorney fees against Anne pursuant to Supreme Court Rule 219(c). The Scheck defendants filed a petition for attorney fees and costs, seeking fees from January 2018 forward. Although a briefing schedule was set, Anne did not file a written response to the petition for approval. At oral argument, Anne did not address the proposed calculation of distribution; instead, she argued about discovery issues and other ancillary matters. After argument on August 15, 2019, the trial court found the petition to be "meticulously documented" and approved the calculation and the final plan. The court also granted the fee petitions. The matter was continued until October 15, 2019, for "presentation of the final accounting."

¶ 6     Anne filed her notice of appeal on September 16, 2019. On October 15, the trial court approved the final accounting. No further notices of appeal were filed.

¶ 7                                    II. ANALYSIS

¶ 8      We start by considering the Scheck defendants' claim that this court lacks jurisdiction over this appeal.  According to the Scheck Defendants, Anne's September 16, 2019 notice of appeal was from a non-final, non-appealable order and, thus did not confer this court with jurisdiction.  The Scheck Defendants argue that the trial court's August 15, 2019 order, from which Anne appealed, did not terminate the litigation, as the trial court continued the case to October 15, 2019, for the submission of the final accounting.  Thus, according to the Scheck defendants, this court does not have jurisdiction pursuant to Supreme Court Rule 301, as claimed by Anne in her opening brief.  Rule 301 provides in relevant part: "Every final judgment of a circuit court in a civil case is appealable as of right."  SCR 301 (eff. Feb. 1, 1994).  Further, the trial court's order did not contain an express written finding that there is no just reason for delaying either enforcement or appeal (or both) of a judgment that does not dispose of an entire proceeding, pursuant to Rule 304(a) SCR 304(a) (eff. March 8, 2016).

¶ 9      However, Rule 304(b)(1) provides that an order or judgment entered in the administration of an estate, guardianship, or similar proceeding that finally determines a right or status of a party is appealable without the finding required under Rule 304(a).  SCR 304(b)(1) (eff. March 8, 2016).  A decision that is within the scope of Rule 304(b)(1) is a final and appealable judgment that must be appealed within 30 days or be barred.  *In re Estate of Burd*, 354 Ill. App. 3d 434, 439 (2004).  The revised Committee Comments to Rule 304(b)(1) provide that "[s]ubparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters.  Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim."  Ill. S. Ct. R. 304(b) Committee Comments (rev. Feb.26, 2010).  Rule 304(b)(1) is designed to prevent multiple lawsuits and

piecemeal appeals, while encouraging efficiency and granting certainty as to specific issues during the often lengthy process of estate administration. *Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996). Without Rule 304(b)(1), an appeal would have to be brought after an estate was closed, which may result in the reopening the estate and marshalling assets that have already been distributed. *Id*. at 616–17.

¶ 10    In *Lampe v. Pawlarczyk*, 314 Ill. App. 3d 455 (2000), the plaintiffs, beneficiaries of a trust, asked that the defendant be removed as trustee, that she be ordered to provide an accounting of the Trust, and that a constructive trust be imposed over certain funds that she had withdrawn from the Trust. The plaintiffs also sought attorney fees. The trial court granted summary judgment in plaintiffs' favor but denied the request for attorney fees on October 16, 1998. The plaintiffs filed a motion to reconsider the denial of attorney fees on December 1, 1998, which the trial court denied on May 19, 1999. The plaintiffs then appealed both the denial of the fees and the denial of the motion to reconsider.

¶ 11    The appellate court concluded that Rule 304(b)(1) applied such that the plaintiffs' appeal was not timely and the court lacked jurisdiction to consider it. First, the trial court's October 16 decision was similar to an order entered in the administration of an estate; while the trust was a privately administered trust, to which Rule 304(b)(1) generally does not apply (see *In re Estate of Nicholson*, 268 Ill.App.3d 689 (1994)), "there was court involvement of the very type referred to by the *Nicholson* court: Linda was ordered by the trial court to submit an accounting of the Trust." *Lampe*, 314 Ill. App. 3d at 471. Further, the trial court's order finally determined the plaintiffs' rights as to their request for attorney fees. *Id*. at 470. The October 16 order "was an order entered in the administration of an estate, and it finally determined the [plaintiffs'] rights as to their request for attorney fees." *Id*. at 470. The court determined:

- 4 -

"[T]he trial court's October 16 decision here was a final determination that the [plaintiffs] had no right to attorney fees. Thus their motion to reconsider, coming more than 30 days later, was untimely under section 2–1203. It did not toll the time for filing a notice of appeal, and the [plaintiffs'] subsequently-filed notice of appeal (June 17, 1999) was therefore untimely as well." *Id*. at 473.

We agree with the *Lampe* court's determination that the order of October 16 was final and appealable and that the filing of the motion to reconsider did not stay the time to appeal because it was not filed within 30 days of the entry of the October 16 judgment.

¶ 12    Here, we conclude that Rule 304(b)(1) provides this court with jurisdiction. First, the proceedings were similar to proceedings in the administration of an estate. A proceeding relating to the administration of a trust is a "similar proceeding" that can generate orders appealable under Rule 304(b)(1) when the court's oversight of the trust is similar to the comprehensive court proceedings associated with the administration of an estate. (Internal quotation marks omitted.) *Houghtaylen v. Russell D. Houghtaylen By–Pass Trust*, 2017 IL App (2d) 17019595, ¶ 15. In *Houghtaylen*, the relevant count of the complaint sought declaratory judgment that the decedent's second codicil "effectively executed her power of appointment in favor of plaintiffs" and further sought an order requiring the trustee of the land trust to transfer the decedent's beneficial interest in the trust to plaintiffs. *Id*., ¶ 15. This court noted that "this required the [trial] court to conduct a bench trial to determine Shirley's testamentary intent, a legal matter that is practically the quintessence of an estate proceeding." *Id*., ¶ 14. The magnitude of the trial court's decision (transferring a one-half interest in a land trust's primary object, as well as a bypass trust's most significant asset, and dealing with a contest over a second codicil) made a court's removal of a

trustee or involvement in a trust's day-to-day operations (see Ill. S. Ct. R. 304(b) Committee Comments (rev. Feb.26, 2010)) seem "downright trivial" in comparison. *Id.*, ¶ 15.

¶ 13    Here, the trial court was required to issue a decision of comparable magnitude to that issued in *Houghtaylen*—which of two competing irrevocable life insurance trusts was operative. We agree with *Houghtaylen* analysis that such a decision renders the trial court proceedings similar to proceedings in the administration of an estate. We also note that this case ultimately led to a court-ordered accounting, the type of court involvement in trust administration that the *Lampe* court found similar to the administration of an estate. See *Lampe*, 314 Ill. App. 3d at 471.

¶ 14    The trial court's August 15, 2019 order also finally determined the rights of the claimants under the ILIT and determined the awarding of attorney fees. All that remained was the submission of the final accounting. This is clearly a final order pursuant to Rule 304(b)(1). See *Stephen v. Huckaba*, 361 Ill.App.3d 1047, 1051 (2005) ("Only final orders fit within Rule 304(b)(1). It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue.)

¶ 15    This is the type of order that must be immediately appealed in the administration of this trust. See *Estate of Kime*, 95 Ill. App. 3d 262, 268 (1981) ("in the interests of efficiency and the sound and practical administration of estates, orders in estate proceedings must be appealed within 30 days from entry when they finally determine the right or status of a party, even though they are preliminary to a final settlement of estate proceedings."). The trial court ordered that the attorney fees were to be assessed "solely against Plainitff's [*sic*] share of any distribution made to Plaintiff from the Patricia Scheck Irrevocable Trust." The court also ordered that: "The Trustee is *authorized to make distributions* from the Patricia Scheck Irrevocable Trust pursuant to the Trustee's Final Plan of Distribution and this Order." (Emphasis added.) There would be no sense,

and no judicial economy, in requiring Davis to wait to appeal the trial court's award of attorney fees until after the approval of the accounting; such an appeal, if successful, would require the marshalling assets that have already been distributed. See *Thorp*, 282 Ill. App. at 616-17. We conclude that this court obtains jurisdiction over this appeal pursuant to Rule 304(b)(1).

¶ 16    Anne first contends that the trial court erred in approving the Trustee's Calculation and Final Plan of Distribution. However, Kevin, as Trustee, argues that Anne failed to preserve the issue of interpretation of the ILIT and the calculation of the distribution because she failed to timely object to the calculation in the trial court.

¶ 17    "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). An issue that is not presented to or considered by the trial court cannot be raised for the first time on review. *Id.*

¶ 18    Our review of the record on appeal leads us to conclude that Anne has forfeited this issue. On June 17, 2019, Kevin presented his Petition for Approval of Trustee's Calculation and Final Plan of Distribution in court. Anne was given until July 15 to file a response, and the case was continued until August 15 for hearing. Anne never filed a written response. At argument, Anne stated that she had "not been able to respond meaningfully to this summary of what the supposed calculations should be," arguing that she still needed to depose Kevin and that the estate accountants could not respond to the calculation "without having several fundamental questions answered by Mr. Scheck." She then proposed that the court order Kevin to sit for a deposition within 14 days and the cause continued for an evidentiary hearing. After Kevin argued, the following colloquy took place:

"THE COURT: This case has been pending since January of 2010. Nine years. I will not go through the tortured history of the case, but it is a tortured history. Mr. Shebar [Anne's counsel], I think your request for discovery comes too late. If you needed anything, it was your duty to file a motion to compel or any other appropriate motion.

I think the motion to approve the calculation and the final plan of distribution is meticulously documented and it appears to comport with the distribution scheme in all of the trusts that have previously been presented to the Court.

I am going to enter an order approving the trustee's calculation and approving the final plan for distribution subject to minor fluctuations in current values of all of the assets.

MR. SHEBAR: May I just be heard on one point?

THE COURT: *I have ruled, but you may make a statement for the record*.

MR. SHEBAR: Your Honor says that the calculation comports in all respects with the trust and, for the record, that is not the case. The Huck Bouma draft ILIT that is governing is very clear that the assets that are to be measured-that the assets from the '96 trust that went to Ms. Davis are assets that were distributed following Patricia Scheck's death as part of her decedent's estate.

And included in the trustee's calculation are distributions that were made in 2006 and 2007. So, you know, these are evidentiary matters that I just do not believe it is proper to have this decided on a six-page summary without exploration of the bases of these numbers.

I am actually—I am just shocked that this was the anticipation all along that we need to have a hearing. I need to question Mr. Scheck under oath. I have asked for dates for his deposition. Motion to compel, your Honor, we are spinning out of control with motions that are accomplishing everything but the substance of this case.

So we have a motion to compel heard before you today and where would we be?  I mean, my desire, my goal is not -- you know, I have had to respond to multiple attorneys' fees petitions, largely unfounded, and it's not to engage in more motion practice, it is to get this matter resolved.

I believe that what I am proposing is very reasonable and that as a matter of Ms. Davis's rights that she should be entitled to question Mr. Scheck under oath about this calculation summary.

THE COURT: *I have ruled.  You have made your statement for the record*.

In addition, I will say that the Code of Civil Procedure and the Illinois Supreme Court Rules set the roadmap for expeditious termination of litigation. That's all I will say on that matter."  (Emphases added.)

¶ 19    Anne never presented her arguments about the calculations and distribution to the trial court for ruling.  Instead, she waited until after the trial court had made its ruling and presented little more than a summary statement addressing the merits of the issue.  Anne had the opportunity to present both written and oral arguments on the issue and failed to present either to the trial court. As her arguments were not first presented to the trial court, we find these arguments forfeited on appeal.

¶ 20    Anne next contends that the Scheck Defendants' petition for attorney fees was not timely filed such that the trial court lacked jurisdiction to grant it. According to Anne, a petition for attorney fees must be brought within 30 days of the entry of the final judgment in the proceeding from which the petition arises. Here, the directed finding in favor of the Scheck Defendants on the declaratory judgment was entered on January 22, 2018. Thus, Anne contends, the trial court had no jurisdiction over the June 11, 2019 fee petition. We disagree.

¶ 21    The final order in this case was not the January 22, 2018 directed finding declaring the Huck Bouma ILIT as the operative ILIT. In its oral ruling the trial court stated:

> "I will continue the case for status as to the rest of the matter. I believe that it is now incumbent on the parties to determine what distribution that was made from Patricia Scheck's revocable trust should be applied to the equalization formula, and I believe the operative date would be the date of Mrs. Scheck's death."

Clearly, the directed finding was not the final judgment in the proceeding from which the petition arose. The matter was continued for substantial matters, including the calculations regarding the distribution of the ILIT, now that the operative ILIT had been determined. The Petition for Approval of Trustee's Calculation and Final Plan of Distribution was not filed until June 2019 or approved until August 15, 2019, and the matter was again continued until October 15, 2019, for presentation of the final accounting.

¶ 22    Anne points to this court's statement in *Davis*:

> "We first note that the trial court did not decide all issues in this case; it continued the case for status on issues beyond the declaratory judgment. However, 'it is well established that a declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment.' *Pritza v. Village of Lansing*, 405 Ill.

App. 3d 634, 639 (2010). Thus, even though the trial court did not provide language pursuant to Supreme Court Rule 304 (a), we have jurisdiction to address the trial court's order, as it determined the operative version of the ILIT." *Davis*, No. 2-18-0134, ¶16 (Feb. 13, 2019) (unpublished order pursuant to Supreme Court Rule 23).

Anne argues that this statement affirms her assertion that the decision on the declaratory judgment was the final order in this case for purposes of the fee petition. However, this quotation involved our analysis regarding finality *vis-vis* appealability, not finality of the case itself. This is clear in the quote, as we note that "the trial court did not decide all issues in this case; it continued the case for status on issues beyond the declaratory judgment." *Id*. The final order in this case had not been issued before the Scheck Defendants filed their June 11, 2019 fee petition, and the trial court clearly had jurisdiction to rule on that petition.

¶ 23    Anne next argues that the assessment of fees against her share of the trust was improper because neither the declaratory judgment action nor the appeal from the judgment was groundless, vexatious, or for the purpose of harassment. The question of whether to award attorney fees is left to the discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. *Hjerpe v. Thoma*, 2017 IL App (4th) 160844, ¶ 28. A trial court abuses its discretion only when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *Id*.

¶ 24    The fees at issue here involve the trial and appeal of the declaratory action. In the fee petition, the Scheck Defendants argued that "[b]eginning no later than early January 2018 before trial commenced, Plaintiff knew or should have known her declaratory judgment claim was groundless but she pursued the litigation anyway." This purported knowledge was based on the trial testimony of Lauren DeJong, the attorney that drafted the ILIT that Anne asserted was the

operative ILIT. DeJong testified that, at the time that she represented Patricia in relation to the drafting of an ILIT, Patricia presented her with a signed and notarized version of an irrevocable trust (the "Huck Bouma" ILIT). DeJong also had filled in some blanks regarding trust amenders that had been left open on the last page of that ILIT "sometime in early 2003," months before Patricia signed the ILIT that DeJong had prepared. This court noted DeJong's trial testimony and Anne's almost complete failure to mention DeJong's testimony in either her statement of facts or her argument. See *Davis*, No. 2-18-0134, n.3.

¶ 25    In their fee petition, the Scheck Defendants alleged that, in early January 2018, before the trial commenced, DeJong's attorney advised Anne's counsel that DeJong would testify at trial that original handwriting on the Huck Bouma ILIT was DeJong's and that it was placed on the ILIT before DeJong drafted the other ILIT. In light of the impact of DeJong's testimony, the Scheck Defendants' counsel made an offer to settle the litigation; however, Anne rejected the offer, did not make any counter-offer, and advised that she was determined to proceed to trial regardless of DeJong's testimony. During argument, the Scheck Defendants noted that, during the trial, Anne's counsel admitted how damaging DeJong's testimony was to Anne's case. While moving for a continuance, Anne's counsel stated that he had a chance to reflect on DeJong's testimony and he realized that it was a very difficult fact for them to overcome. The Scheck Defendants also noted Anne's failure to address DeJong's testimony in the appellate court even after the Scheck Defendant's had raised it. They sought attorney fees incurred from January 2018 to the filing of their petition.

¶ 26    Anne argued that her decision to go forward with her declaratory judgment action, which had been pending for 8 years, could hardly be described as vexatious, harassing, based on false statements of fact or unfounded in law, especially as DeJong's testimony was "inconsistent, at

best." Further, she questioned the reliability of Kevin's testimony and noted that there was ample evidence that Kevin, as Trustee, distributed and acted on the other ILIT as though it were the operative trust for several years. All of this, and other evidence, provided more than sufficient "grounds" for Anne to proceed with her case, despite DeJong's testimony.

¶ 27    In its ruling, the trial court noted that the Scheck defendants did not voluntarily come into the case but were brought in by Anne. The court also found that, after DeJong's testimony became apparent, "any further litigation carried on by [Anne] was at her own peril." The trial court also noted this court's interest in DeJong's testimony, describing it as "really quite the opposite of the description of" Anne's counsel and "absolutely dispositive." The trial court granted the petition, approving attorney fees from January 4, 2018 through March 15, 2019 in the total amount of $256,482.67. The fees were assessed solely against Anne's share of any distribution made to her from the Patricia Scheck Irrevocable Trust.

¶ 28    We cannot conclude that the trial court abused its discretion in awarding the fees. Anne argues that there is no precedent for a finding that her "well-founded" case became groundless "by virtue of one witness' belated recollection of events, literally on the eve of trial." However, as both the trial court and this court noted, this testimony was of such magnitude that it made Anne's entire theory of the case untenable. Anne's counsel also admitted that DeJong's testimony was a very difficult fact for them to overcome. Further, Anne failed to even address this testimony on appeal after its relevance and importance was revealed at trial and in the appellate briefing. Anne tried to ignore the importance of this vital testimony and continued to press on with her theory of the case through the trial and the entire appellate process. We find no error here.

¶ 29    Anne next argues that the fee award should be reduced by either $35,064 or $98,460. The trial court ordered that the fees would be awarded from the date upon which Anne's counsel

received the call from DeJong's attorney regarding her testimony. According to Anne, the only evidence of when the call was received was her own counsel's statement that he received the call "about a week before trial," or January 9, which should reduce the fees by $35,064. However, at argument on the petition, Anne's counsel stated that he did not remember the date of the phone call but believed that it came after the trial had commenced. In any event, the phone call was not the reasonable point at which to begin to assess fees, as she was "entitled to test the hypothesized testimony by examining the witness under oath, which did not occur until January 17. Using that date, fees should be reduced by a total of $98,460.

¶ 30    However, the declaration of John Chen, lead counsel for the Scheck Defendants, was attached to the submitted billing summaries. Chen averred that he spoke with Anne's counsel about DeJong's testimony "prior to the trial in this case." He also mentioned a "settlement conference with this Court on or about January 4, 2018." At argument, Scheck Defendants counsel (not Chen) stated that "we had a settlement conference before trial started where we specifically talked about [DeJong's attorney's] phone call and Ms. DeJong's testimony."

¶ 31    Anne did not raise any such challenge to the calculation of the fees or the correctness of Chen's affidavit in her opposition brief to the fee petition. As such, this contention is forfeited. However, even if we considered the issue, we would not conclude that it was an abuse of discretion to award the fees beginning January 4, 2018. There was evidence that Anne's counsel was aware of DeJong's proposed testimony at that time and still proceeded through trial and appeal knowing the import of that testimony and even failing to address it. We find no error here.

¶ 32                                    III. CONCLUSION

¶ 33    For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 34    Affirmed.